CURLEW CONSOLIDATED SCHOOL DISTRICT, appellant, v. PALO ALTO COUNTY BOARD OF EDUCATION et al., appellees; MALLARD CONSOLIDATED SCHOOL DISTRICT in the Counties of Palo Alto and Pocahontas, intervenor-appellee.

No. 48786.

(Reported in 73 N.W.2d 20)

NOVEMBER 15, 1955.

Smith & Hanson, of Emmetsburg, and Linnan & Lynch, of Algona, for appellant.

John J. Duhigg, of Emmetsburg, for appellees Palo Alto County Board of Education and John E. Smith, Palo Alto County Superintendent.

James W. Hudson, of Pocahontas, for appellees Pocahontas County Board of Education and Frances Young, Pocahontas County Superintendent.

F. C. Gilchrist, Jr., of Laurens, and A. C. Carmichael, of Pocahontas, for intervenor-appellee.

GARFIELD, J.—The sole question submitted to the district court and to us in this certiorari action is whether plaintiff consolidated school district, maintaining an approved central school, may be reduced in area below 16 sections of land, to approximately eight sections, by the formation of a community school district under chapter 275, Code, 1954. We affirm the trial court's decision there may be such reduction.

Plaintiff's case is based entirely on the claim section 274.3, Code, 1954, contains a mandatory prohibition against reducing to less than 16 sections of land a consolidated school district maintaining a central school. It is not contended any other statute now in force contains such a provision. Section 274.3, so far as applicable here, states:

"No new school district shall be formed, nor shall the boundary lines of any existing school district be so changed as to make it  contain an area less than four government sections of land; *but nothing herein shall be construed to * * * permit the reduction of an existing consolidated district below an area of sixteen government sections of land.*"

We have italicized the language plaintiff argues is a mandatory prohibition against reducing a consolidated district below 16 sections.

For a proper understanding of section 274.3 consideration must also be given section 276.20, subsequently expressly repealed by Code chapter 275 under which defendant boards are proceeding to form the new community district here. Section 276.20, enacted fourteen years before 274.3, in part provided: "A consolidated school corporation, maintaining an approved central school, shall not be reduced to less than sixteen government sections, * * *."

Liberty Consolidated School District v. Schindler, 246 Iowa 1060, 1064, 70 N.W.2d 544, 546, 547, considers the meaning of the language in section 274.3 upon which plaintiff's case here is bottomed and holds:

"*Section 274.3 contains no definite prohibition against re-*

*duction of an existing consolidated district below 16 sections.* The language near the end of 274.3 on which plaintiffs' case is based is in the nature of a proviso evidently inserted by the legislature as a cautionary measure so its definite four-section prohibition should not be construed as impliedly permitting the reduction of an existing consolidated district below 16 sections (but with four sections or more) and thus conflict with or impliedly repeal the earlier section 276.20.

"There is merit in defendants' argument that the language of 274.3 on which plaintiffs rely implies or assumes there was at the time it was enacted another statute prohibiting the reduction of an existing consolidated district below 16 sections. As previously explained, section 276.20 was that other statute. * * * The legislature obviously desired to make it clear 274.3 was not intended to repudiate the existing statute." (Emphasis added.)

As before indicated, section 276.20, quoted from above, was expressly repealed by the present Code chapter 275. The effect of such repeal upon the language in 274.3 relied on by plaintiffs is also considered in the Liberty Consolidated School case, supra, where we conclude (at page 1066 of 246 Iowa, page 547 of 70 N.W.2d): "There is no indication the language of 274.3 relied on by plaintiffs was intended as a prohibition against reducing a consolidated district below 16 sections which would survive the repeal of 276.20."

The last sentence of Code section 275.5 (of present chapter 275) expressly permits "reducing an existing school district to less than four" sections of land. The Liberty case, supra, holds the conclusion is inescapable that this provision is repugnant to and irreconcilable with the prohibition in 274.3 against reducing an existing district below four sections, the later enactment on this point must prevail and the earlier one give way. Plaintiffs in the Liberty case in effect conceded as much and so does plaintiff here. The Liberty School opinion then adds (at page 1068 of 246 Iowa, page 548 of 70 N.W.2d):

"We also see no escape from the conclusion the term 'an existing school district' in the last sentence of section 275.5

necessarily includes an existing consolidated district. And to permit an existing consolidated district to be reduced to less than four sections of necessity carries with it permission for a reduction below 16 sections."

The Liberty case, supra, is conclusive against plaintiff here. It is true, as this plaintiff points out, the Liberty Consolidated School District was not "maintaining an approved central school", so the prohibition against reduction below 16 sections found in 276.20, before its repeal by chapter 275, did not apply to it. However, plaintiff district here is not aided by the fact it is maintaining an approved central school.

As previously explained, the Liberty opinion squarely holds the language of section 274.3 upon which plaintiff places its whole reliance is not a definite prohibition against reducing an existing consolidated district below 16 sections and, further, the later repugnant enactment in section 275.5 must prevail. And, as stated, section 276.20 (and all chapters 275 and 276) are expressly repealed by the present chapter 275 enacted by the Fifty-fifth General Assembly. So the prohibition in 276.20 affords plaintiff no protection and it claims nothing for it.

This plaintiff filed a brief amicus curiae which was carefully considered in the Liberty case. Except for an attempt to distinguish the cited decision on the ground that, unlike the Liberty district, it is maintaining an approved central school, its brief here closely corresponds to its brief amicus curiae in the Liberty case. The trial court's ruling in the present controversy was called to our attention upon submission of the Liberty case and is one of the decisions of district judges the cited opinion refers to as reaching a like conclusion. Perhaps we might have disposed of the present appeal by a mere reference to the Liberty decision. However, we have deemed it wise to elaborate somewhat thereon in an attempt to clarify our views.—Affirmed.

All JUSTICES concur except PETERSON, J., who takes no part.