STATE EX REL. WISCONSIN REGISTRATION BOARD OF ARCHITECTS & PROFESSIONAL ENGINEERS, Respondent, v. T. V. ENGINEERS OF KENOSHA, INC., Appellant.*

*March 1—April 12, 1966.*

* Motion for rehearing denied, without costs, on June 7, 1966.

For the appellant there was a brief by *Maurice Schmerling* of Kenosha, attorney, and *Bertram J. Hoffman* of Milwaukee of counsel, and oral argument by *Mr. Schmerling*.

For the respondent there was a brief and oral argument by *Clarence J. Simon* of Madison.

BEILFUSS, J. The issue is: Does the use of the word "engineers" in the business name of the defendant corporation violate the regulatory statute providing for standards and registration of architects and professional engineers?

Sec. 101.31, Stats., and its several subdivisions, regulate the practice of architects and professional engineers. It is founded in the police power of the state to protect the public welfare and to safeguard the life, health and property of its citizens. This statute, as all licensing regulatory statutes, is not enacted for the benefit of the

persons licensed thereunder but for the benefit and protection of the public.

The following subsections of sec. 101.31, Stats., apply to the facts of this action:

"101.31 ARCHITECTS AND PROFESSIONAL ENGINEERS. (1) *Practice Requirements, Registration.* (a) Any person practicing or offering to practice the profession of architecture or the profession of professional engineering in this state shall comply with the provisions of this section.

"(b) It is unlawful for any person to practice the profession of architecture or the profession of professional engineering in this state unless such person has been duly registered, is exempt under the provisions of subsection (9) or has in effect a permit under subsection (11) (d).

"(c) It is unlawful for any person to offer to practice the profession of architecture or the profession of professional engineering or to use in connection with his name or otherwise assume, use or advertise any title or description tending to convey the impression that he is an architect or professional engineer or to advertise to furnish architectural or professional engineering services unless such person has been duly registered or has in effect a permit under subsection (11) (d).

"(2) *Definitions.* . . .

"(c) The term 'professional engineer' as used in this section means a person who by reason of his knowledge of mathematics, the physical sciences and the principles of engineering, acquired by professional education and practical experience, is qualified to engage in engineering practice as hereinafter defined.

"(d) The practice of professional engineering within the meaning and intent of this section includes any professional service, requiring the application of engineering principles and data, wherein the public welfare or the safeguarding of life, health or property is concerned and involved, such as consultation, investigation, evaluation, planning, design, or responsible supervision of construction, alteration, or operation, in connection with any public or private utilities, structures, projects, bridges, plants and buildings, machines, equipment, processes and works. A person shall be deemed to offer to practice

professional engineering, within the meaning and intent of this section, who by verbal claim, sign, advertisement, letterhead, card, or in any other way represents himself to be a professional engineer; or who through the use of some other title implies that he is a professional engineer; or who holds himself out as able to practice professional engineering.

" . . .

"(7) *Partnership or Corporation.* (a) A firm, or a copartnership, or a corporation, or a joint stock association may engage in the practice of architecture or professional engineering in this state only provided such practice is carried on under the responsible direction of one or more registered architects or professional engineers. Any and all plans, sheets of design and specifications shall carry the signature of the registered architect or registered professional engineer who is in responsible charge.

"(b) No such firm, or copartnership, corporation, or joint stock association shall offer to practice the profession of architecture or the profession of professional engineering in this state, or to use in connection with its name or otherwise assume, use or advertise any title or description tending to convey the impression that it is engaged in the practice of the profession of architecture or the profession of professional engineering, nor shall it advertise to furnish architectural or professional engineering services, unless firm members or copartners owning a majority of the capital interest in such firm or copartnership, or unless the executive director and the holders of the majority of stock of such corporation or joint stock association are duly registered under the provisions of this section.

" . . .

"(14) *Penalties, Law Enforcement.* (a) Any person who practices or offers to practice architecture or the profession of professional engineering in this state, or who uses the word 'architect' or the term 'professional engineer' as part of his business name or title or in any way represents himself as an architect or a professional engineer unless he is registered or exempted in accordance with this section, or unless he is the holder of an unexpired permit issued under sub. (11) (d), or any person presenting or attempting to use as his own the cer-

tificate of registration of another, or any person who gives any false or forged evidence of any kind to the board or to any member thereof in obtaining a certificate of registration, or any person who falsely impersonates any other registrant of like or different name, or any person who attempts to use an expired or revoked certificate of registration, or violates any of the provisions of this section, shall be fined not less than $100 nor more than $500, or imprisoned for not more than 3 months, or both.

"(b) It shall be the duty of all duly constituted officers of the law of this state, or any political subdivision thereof, to enforce the provisions of this section and to prosecute any persons violating same. The attorney general of the state or his assistant shall act as legal advisor of the board and render such legal assistance as may be necessary in carrying out the provisions of this section.

"(15) *Injunction.* If it appears upon complaint to the board by any person, or is known to the board that any person who is neither registered nor exempt under this section nor the holder of an unexpired permit under subsection (11) (d) is practicing or offering to practice, or is about to practice or to offer to practice, the profession of architecture or the profession of professional engineering in this state the board or the attorney-general or the district attorney of the proper county may investigate and may, in addition to any other remedies, bring action in the name and on behalf of the state of Wisconsin against any such person to enjoin such person from practicing or offering to practice architecture or professional engineering."

Sec. 101.31 (14), Stats., provides for a criminal penalty and is in derogation of the common law; it must, therefore, be strictly construed. The fact that the board seeks an injunction, as provided by sec. 101.31 (15), rather than the imposition of a criminal penalty should not affect the construction of the statute. To construe the same statutory language in one way while considering the imposition of a criminal penalty and in another way for the purpose of injunction would be confusing and needlessly technical.

In strict construction we must first consider whether the word "engineer" is synonymous with the term "professional engineer."

The Ohio supreme court in *Society of Engineers v. Hulslander* (1949), 86 Ohio App. 497, 502, 89 N. E. (2d) 119, held:

". . . the term, 'engineering,' . . . is a generic term covering many phases of human activity which do not come within the classification of 'professional engineering' as defined by the statute." [1]

Our legislature uses the word "engineer" in ch. 192, Stats., where it refers to one who operates a locomotive as an engineer. Many job classifications in both public and private employment use the word "engineer" to designate types of employment that obviously do not require the same knowledge and special training in the fields as mathematics, physics, and chemistry as is prerequisite to registration as a professional engineer.

Under the terms of sec. 101.31 (6) (b), Stats., even a graduate of a four-year course at a highly recognized engineering school or college, without an additional four years of experience, is not eligible to make application for registration as a professional engineer or represent himself as such. Certainly these graduates are commonly referred to as engineers.

We therefore determine that the word "engineer" is used to describe persons of various learning and skills while "professional engineer" connotes and identifies a person with a high degree of learning, experience, and competence in mathematics, physics and chemistry. The word "engineer" and the term "professional engineer" as they are thus defined and commonly understood are not synonymous.

Sec. 101.31 (7) (b), Stats., provides that no corporation shall offer to practice the profession of architecture

[1] See 53 Op. Atty. Gen. (1964), 81, 85.

or the profession of professional engineering, "or to use in connection with its name or otherwise assume, use or advertise any title or description tending to convey the impression that it is engaged in the practice of the profession of architecture or the profession of professional engineering," without appropriate registration.

The word "engineer" or "engineering" used in a business title in its descriptive context, could tend to convey the impression that it is engaged in the practice (or offers to practice) the profession of professional engineering. "Engineer" or "engineering" when used with such descriptive words as civil, electrical, mechanical, industrial, structural and others could well tend to convey an impression of professional engineering service. Whether the use of the word "engineer" or "engineering" in a business title tends to convey the impression of practicing or offering to practice professional engineering must then be determined as a matter of fact by the circumstances of the case under consideration.

In this case before us the evidentiary facts, in the main, are not in dispute. It is the conclusive ultimate fact to be drawn from the evidentiary facts that is disputed.

The defendant's business is primarily the sale, installation and service of television sets and other electrical appliances. The overwhelming emphasis of the rather voluminous advertising is the sale of appliances. In none of the advertising is professional engineering service advertised as such. Nor has the defendant corporation practiced any professional engineering, unless repairing can be considered as such. Both Mr. Young, a registered professional engineer, and Mr. Hurc, the secretary of the registration board, testified that improper repair of certain types of television sets can result in a condition that can be dangerous if not fatal to a member of the public. It also appears that many commonly used electrical appliances can be dangerous if not properly repaired. It is basic that any electrical repair

work requires some knowledge of either mathematics or physics, or both.

Mr. Hurc testified that television repair men need not be registered with the board; in fact, the board does not have a designation for television in its classification of professional engineers. Mr. Hurc was indefinite as to what category would encompass television repair. He stated that television might be within one of five subfields of electrical engineering and that two subfields, communications and industrial electronics, would fit the television industry. He stated that examinations in neither of these subfields took television repair into consideration.

The current telephone directories of both Kenosha and Madison were introduced in evidence. "T. V. Engineers" and "T. V. Engineers of Kenosha, Inc.," appear at least four times in the classified section—the yellow pages of the Kenosha directory. It is significant that defendant's ad and listings appear in the section classified as "Television" and not in the section classified as "Engineers" or "Engineering." The subclassifications for engineers in the Kenosha directory are architectural, consulting, designing, management and structural. In Madison the same subclassifications appear, and in addition thereto civil, electrical, electronic, foundation, mechanical, metallurgical and sanitary. Mr. Young is listed under the "Engineers" classification as "Electronic" and under the "Television" classification as "Television Repairing." His yellow-page ads also state he is licensed and bonded.

The recent case of *Tom Welch Accounting Service v. Walby* (1965), 29 Wis. (2d) 123, 138 N. W. (2d) 139, while dealing with different issues and statutes that are not entirely comparable, is of some import in that it recognizes the yellow-page classification of accountants as contrasted to certified public accountants and public accountants insofar as a holding out to the public is concerned.

We are of the opinion, under the facts as they appear in the record, that the use of the word "engineers" in defendant's corporate name "T. V. Engineers" or "T. V. Engineers of Kenosha, Inc.," did not tend to convey the impression that it is engaged in the practice of the profession of professional engineering, nor did it advertise to furnish professional engineering service. The finding of the trial court to the contrary is, in our belief, against the great weight and clear preponderance of the evidence.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.