IOWA STATE BOARD OF ENGINEERING EXAMINERS, appellant, v. ELECTRONIC ENGINEERING COMPANY et al., appellees.

No. 52708.

(Reported in 154 N.W.2d 737)

Dᴇᴄᴇᴍʙᴇʀ 12, 1967.

Scalise, Scism, Gentry & Brick, of Des Moines, for appellant.

Herrick, Langdon, Sandblom & Belin, of Des Moines, for appellees.

LᴇGʀᴀɴᴅ, J.—This action, brought under section 114.24, Code, 1966, seeks to enjoin the use of the corporate name of defendant, Electronic Engineering Company. The individual defendants, William R. Clark and John J. Moffet, were made defendants as the duly elected officers of the corporation. For convenience the three defendants will be jointly referred to as defendant.

 Chapter 114 of the Code was enacted to regulate the practice of professional engineering in this state. Like all licensing provisions, it is designed to protect the public by making certain that one who undertakes to represent himself as a professional engineer and to offer his services as such will meet certain minimum standards.

Plaintiff is an administrative body authorized by law to test by examination the qualifications of those who desire to practice professional engineering and to certify those who meet

the statutory requirements. The chapter does not require all engineers to comply with its terms, limiting its application to professional engineers as that term is defined in section 114.2, Code, 1966. We will refer later to certain specific sections of the chapter in question, but we are principally concerned with section 114.24 which provides:

"114.24 Injunction. Any person who is not legally authorized to practice in this state according to the provisions of this chapter, and shall practice, *or shall in connection with his name use any designation tending to imply or designate him as a professional engineer or land surveyor, may be restrained by permanent injunction.*" (Emphasis added.)

The issue here is a very narrow one and is one which has not previously been considered by us. Plaintiff concedes that defendant has not practiced professional engineering, as that term is defined in the statute, but insists that the corporate name tends to imply or designate it as rendering professional engineering services. If this be true, the use of such name may be enjoined under the section above set out.

The material facts are undisputed. From 1949 to 1958 William R. Clark and John J. Moffet, together with one other person, carried on a partnership business under the name of Electronic Engineering Company. In 1958 the business was incorporated under the same name. At the time of trial the business had been operated without interruption under this name for approximately 17 years, both as a partnership and as a corporation. The business of the defendant is principally that of installing and servicing two-way radios and mobile telephones. It also services and repairs home laundries, refrigerators, television sets, and air conditioning equipment. Defendant has never rendered professional engineering services, nor has it advertised that it is qualified to do so. Nor, in 17 years, has anyone requested defendant to render professional engineering services.

Plaintiff, however, contends what defendant does is unimportant and how it advertises is immaterial. The sole issue raised by the petition is whether the use of the corporate name, Electronic Engineering Company, violates section 114.24 by im-

*plying* defendant offers professional engineering services or by designating it as a professional engineering company.

As pointed out in State v. Durham, Del. Super., 191 A.2d 646 at 648, all 50 states, as well as the District of Columbia, the Canal Zone, and Puerto Rico, now have laws for licensing and registering professional engineers. Most if not all of these statutes have provisions governing the use of the words "professional engineer." Some specifically prohibit the use of the term at all in the title. T.V. Engineers, Inc. v. District of Columbia, 166 A.2d 920, 921. Other statutes, like ours, forbid the use of any name which designates a person as a professional engineer or which implies he is one.

██ The latter type affords no fixed standard by which to decide if an injunction should issue. Whether a particular name raises the implication which the law forbids is a question of fact to be determined in each case. State ex rel. Wisconsin Registration Bd. v. T. V. Engineers of Kenosha, Inc., 30 Wis.2d 434, 141 N.W.2d 235, 239; T. V. Engineers, Inc. v. District of Columbia, supra, at page 922 of 166 A.2d.

Here the trial court found that the corporate name did not violate the statute and dismissed the petition seeking to enjoin its use. Our review is de novo, although we give consideration to the findings of the trial court. Rule 344(f)(7), R.C.P.

Section 114.2, Code, 1966, defines professional engineer as a person, who, by reason of his knowledge of mathematics, physical sciences, and the principles of engineering, acquired by professional education and/or practical experience, is qualified to engage in engineering practice.

That section defines the practice of professional engineering to mean any professional service, such as consultation, investigation, evaluation, planning, designing, or responsible supervision of construction in connection with structures, buildings, equipment, processes, works, or projects, wherein the public welfare or the safeguarding of lives, health or property is. or may be concerned or involved, when such professional service requires the application of engineering principles and data.

Neither of the individual defendants is a professional engineer. The corporate defendant does not render, nor does it

hold itself out as rendering, professional engineering services as defined in the statute.

Our problem is to determine if the corporate name implies that it does.

The term "engineer" has now lost much of its original professional significance. The evidence shows that the yellow pages of the Des Moines telephone directory list engineering in categories such as architectural, chemical, civil, consulting, electrical, heating, mechanical, sanitary, structural and traffic. There is no separate listing for electronic engineers. To these may be added other definitions from Webster's International Dictionary, Second Edition, which include within the term, one who runs an engine; one who manages a project by artful contrivance; and, in military parlance, one engaged as an artilleryman or gunner. This same dictionary notes there are 41 special classifications under the definition of engineering and even then indicates there are still others not listed.

We mention this merely to illustrate that "engineer" no longer necessarily connotes professional competence or skill. Apparently the legislature recognized this in limiting the application of chapter 114 to *professional* engineers, which section 114.2 defines to exclude many of those who now use that term to describe their work or occupation. It must be conceded that "engineer" and "professional engineer" are not synonymous. The use of one does not necessarily imply the other.

The sole issue here is whether defendant's corporate name implies defendant renders professional engineering services, not whether it renders *any* engineering services. In considering that question, it is important to take into account all the circumstances surrounding the use of such name. This is particularly true since our finding is one of fact and prior decisions from other jurisdictions are of no help to us.

Under the evidence here we agree with the trial court there is no violation of section 114.24. In reaching this conclusion we cannot completely disregard, as plaintiff would have us do, the testimony indicating defendant has used this name for 17 years without receiving a single request to render professional engineering services. We consider this quite im-

portant in deciding the name does not imply what plaintiff says it does. The absence, over a long period of time, of a single request to render the type of service prohibited by statute overwhelmingly suggests the name raises no implication in violation of section 114.24. It is the public, not the plaintiff, which the law seeks to protect. The evidence makes it clear what plaintiff argues here has occurred to no one except plaintiff.

We do not say the use of a name such as defendant uses could under no circumstances constitute a violation of the section in question. As previously determined, this is a fact question to be determined in each case. We merely hold plaintiff has failed to show by a preponderance of the evidence a violation of section 114.24, Code, 1966.

We find defendant's use of its corporate name, under the evidence in this case, does not imply that defendant renders professional engineering services nor does it designate defendant as a professional engineering company. The trial court's finding was right.—Affirmed.

All JUSTICES concur.