C.F. HURC, Secretary, Examining Board of Architects, ProfessionalEngineers, Designers and Land Surveyors
You have asked whether the Examining Board of Architects, Professional Engineers, Designers and Land Surveyors has authority under sec. 443.01 (4) (d), Stats., to enact a rule prohibiting competitive bidding in the offering of services by persons registered with the Board. Your letter asks whether the Board has power "in the absence of any connection between such prohibition and the public welfare or the safeguarding of life, health or property." *Page 370 
It is my opinion, that the Board does not have the power to adopt the rule proposed.
As stated in American Brass Company v. State Board of Health
(1944), 245 Wis. 440, 448, 15 N.W.2d 27:
"* * * No proposition of law is better established than that administrative agencies have only such powers as are expressly granted to them or necessarily implied and any power sought to be exercised must be found within the four corners of the statute under which the agency proceeds."
Section 443.01 (4) (d), Stats., states in part:
"The examining board may make all bylaws and rules, not inconsistent with the constitution and laws of this state, which may be reasonably necessary for the proper performance of its duties and the regulations of the proceedings before it. * * *"
The Board may enact rules to facilitate the performance of its regulatory duties. Concerning the basis and limits of the Board's powers, the court stated in State ex rel. Wis. R of A P E v. TVEng. (1966), 30 Wis.2d 434, 438-439, 141 N.W.2d 235 that the applicable statute:
"and its several subdivisions regulate the practice of architects and professional engineers. It is founded in the police power of the state to protect the public welfare and to safeguard the life, health and property of its citizens. This statute, as all licensing regulatory statutes, is not enacted for the benefit of the persons licensed thereunder but for the benefit and protection of the public."
It is my opinion that the Board has authority to make rules of procedure and, further, to make rules which are related to promotion of the public health, safety and welfare and the protection of property under the police power of the state. AS your letter states that the proposed rule is not connected to "safe guarding of life, health or property," it follows that the Board does not have the authority to enact it.
It is not obvious to me that a rule prohibiting architects and engineers from engaging in competitive bidding would be in the public interest. All licensed professionals are assumed to be *Page 371 
competent and it is the Board's responsibility to insure that this is so. Contracts for professional services are not considered as contracts to do public works within the meaning of our statutes requiring government contracts be let to the lowest responsible bidder. Flottum v. Cumberland (1940), 234 Wis. 654,662-663, 291 N.W. 777. See also 15 A.L.R. 3rd 733.
The state is not required to hire the professional who submits the lowest bid for a job even if it chooses to let bids for the services required. It has the discretion to base its selection of architects and engineers on other considerations beside price — such as past performance, experience, production capabilities and work load. It is my understanding that the Bureau of Facilities Management of the Department of Administration utilizes a set of criteria for the selection of architects and engineers which places appropriate emphasis on factors other than price. Given this discretion, it would seem to be in the public interest to receive the benefits inherent in price competition and comparison in selection of professional contracts for state work.
The professions registered and regulated by the Examining Board have been entitled for many years to submit competitive bids for projects. The subject may be amenable still to legislative mandate but is not within the administrative authority delegated to the Board. It is interesting to note that a national society of architects recently has consented to judgment in a prosecution for violation of the Federal Sherman Act which will restrain the society from adopting or recommending any policy stating that submission of price quotations for architectural services by its members is unethical or unprofessional.
RWW:GS