John W. LLEWELLYN, Plaintiff,

v.

IOWA STATE COMMERCE COMMISSION, Appellee,

Iowa State Board of Engineering Examiners, Appellant.

No. 55020.

Supreme Court of Iowa.

Sept. 19, 1972.

Gary S. Gill, of Gill & Huscher, Des Moines, for appellant.

Daniel J. Fay, Des Moines, for appellee.

MASON, Justice.

This is a certiorari proceedings instituted by John W. Llewellyn in the Polk district court against the Iowa State Commerce Commission challenging an order of the commission granting franchises to the Iowa Power and Light Company. Iowa State Board of Engineering Examiners appeals from the order dismissing its petition of intervention and denying the writ.

The Iowa Power and Light Company filed petitions with the Iowa State Commerce Commission seeking franchises to construct, operate and maintain an electric transmission line between its Sycamore substation located near Des Moines and the south boundary of the state of Iowa. Pursuant to section 489.4, The Code, the commission set the petitions for hearing to determine the propriety of granting the franchises. At the hearing Iowa Power and Light Company introduced numerous exhibits indicating the method of construction and routing of the proposed transmission line. Llewellyn appeared at the hearing as a protestant landowner. July 24, 1969, the commission granted the petitions.

Plaintiff's petition filed January 15, 1970, asking that the commission's order be annulled included an allegation that the commission had acted illegally in granting the power company's petitions by receiving in evidence certain exhibits introduced by the company which were not certified as land surveying documents contrary to the provisions of section 114.16, The Code. This section provides in part:

"Seal—signatures of registrant.

"* * *

"All engineering documents and land surveying documents shall be dated and shall contain the following: (1) the signature of the registrant in responsible charge; (2) a certificate that the work was done by such registrant or under his direct personal supervision; and (3) the Iowa registration number or legible seal of such registrant.

"* * *."

"No agency of this state and no subdivision or municipal corporation of this state, nor any officer thereof, shall file for record or approve any engineering document or land surveying document which does not comply with this section.

"* * *."

January 21, 1970, the Board of Engineering Examiners petitioned to intervene under rule 75, Rules of Civil Procedure, alleging that the commission exhibits were filed for record and were approved by the commerce commission contrary to section 114.16, The Code, and asked that the commission order be annulled.

Rule 75, R.C.P., provides:

"Interventions. Any person interested in the subject matter of the litigation, or the success of either party to the action, or against both parties, may intervene at any time before trial begins, by joining with plaintiff or defendant or claiming adversely to both."

January 29, the commission filed resistance to the board's petition of intervention alleging in substance that intervention should be denied since the intervention as an adverse party by the board, an administrative agency of the state of Iowa, against the commission, also an administrative agency of the state of Iowa, is prohibited by section 679.19, The Code; the exclusive remedy available to the board, if any it has, is before a board of arbitration as specified in section 679.19, The Code; and the court is without jurisdiction to grant the petition of intervention.

This statute provides:

"Disputes between governmental agencies. Any litigation between administrative departments, commissions or boards of the state government is prohibited. All disputes between said governmental agencies shall be submitted to a board of arbitration * * *. The decision of the board shall be final."

February 26, Llewellyn formally dismissed his cause of action.

February 27 a hearing was held with the sole matter before the court being whether the board could continue the action against defendant commission.

The trial court declared the issue before it to be whether the dispute between the board and the commission was of a type that must be submitted to arbitration under section 679.19, supra.

The court concluded that the present dispute was of a type that required submission to arbitration under section 679.19, supra, and, consequently, the board was precluded from maintaining this action at law. The court further determined that chapter 114, The Code, did not contain any provision granting authority to the board to enforce section 114.16, supra (or any other section) against a state agency that records a document not complying with chapter 114.

The court also found the board's contention that it has a right to intervene under rule 75, R.C.P., supra, was untenable and dismissed the writ.

The board challenges this ruling in two assignments of error.

In its first, the board contends the trial court erred in dismissing its petition of intervention on the basis it had no authority to enforce section 114.16 as a state administrative agency.

In its other assignment the board maintains it was error to rule that section 679.-19 prohibits any litigation between the board and another state agency.

The contentions will be considered together.

I. In Board Engr. Exrs. v. Electronic Engr. Co., 261 Iowa 456, 457, 154 N.W.2d 737, 738, this court said:

"Chapter 114 of the Code was enacted to regulate the practice of professional engineering in this state. Like all licensing provisions, it is designed to protect the public by making certain that one who undertakes to represent himself as a professional engineer and to offer his services as such will meet certain minimum standards."

II. The board maintains its right to proceed against defendant in a law action is authorized and governed by chapter 114, The Code, and specifically, section 114.16 which is set out, supra.

Of course, the quoted provisions of this section apply directly to the merits of the board's dispute with the commission on the issue of accepting uncertified land surveying documents.

The board further claims, however, implicit in chapter 114 is the right to enforce these provisions through litigation. In sections 114.7 and 114.9 the board is authorized to take testimony and employ assistants, respectively, to carry out provisions of the chapter. The board reasons that under these sections it could compel defendant to appear before it for a hearing on the dispute and argues that upon failure of defendant to appear, then the board could surely seek the court's help to enforce section 114.16. It cites In re Iowa State Commerce Commission, 252 Iowa 1237, 110 N.W.2d 390, as support for this proposition. Thus, the first step of the board's argument is that it is authorized by statute to bring suit against defendant to enforce chapter 114 regulations.

■ ■ The second step vital to the board's position is that section 114.16, as a specific and later statute, supersedes sec-

tion 679.19 as it applies to chapter 114 situations. This statement incorporates two fundamental principles of statutory construction. When a general statute is in conflict with a specific statute, the latter generally prevails whether enacted before or after the general statute. Shriver v. City of Jefferson, 190 N.W.2d 838, 840 (Iowa 1971), and authorities cited. And, in case of irreconcilable conflict between two statutes, the later one controls. Waugh v. Shirer, 216 Iowa 468, 471, 249 N.W. 246, 247; Curlew Consol. Sch. Dist. v. Palo Alto Etc., 247 Iowa 112, 115, 73 N.W.2d 20, 21; Kruse v. Gaines, 258 Iowa 983, 988, 139 N.W.2d 535, 537.

Defendant-commission assails both steps in the board's argument. While defendant asserts the undeniable proposition the board is limited in power to that authority granted by the legislature to it, it further contends a power conferred by the legislature upon an administrative agency will not be extended by implication. Inc. Town of Huxley v. Conway, 226 Iowa 268, 271, 284 N.W. 136, 137. Rather, the board is simply a licensing agency, performing the protective function of insuring uniform and professional standards in civil engineering and land surveying.

█ Moreover, defendant urges sections 114.16 and 679.19 can be harmonized and the one should not impliedly repeal the other. Repeal by implication is not favored and will not be so interpreted unless absolutely necessary or clearly mandated. Iowa P. & L. Co. v. Iowa State Hgwy. Comm., 254 Iowa 534, 537, 117 N.W.2d 425, 427; Wendelin v. Russell, 259 Iowa 1152, 1161, 147 N.W.2d 188, 194; Northwestern Bell Tel. Co. v. Hawkeye State Tel. Co., 165 N.W.2d 771, 774 (Iowa 1969); and Chicago, R. I. & P. R. Co. v. Iowa State Highway Comm., 182 N.W.2d 160, 162 (Iowa 1970).

An examination of chapter 114 shows no statutory grant to enforce section 114.16. Section 114.16 says nothing about enforcement procedures against agencies but only specifies the penalty for an offending registrant. "Violation of this section by a registrant shall be deemed fraud and deceit in his practice." No conflict between section 114.16 and section 679.19 is evident.

As the trial court noted in its ruling:

"The board is specifically empowered under section 114.21 to hold hearings and consequently to suspend or revoke the certificate of registration of any registrant found guilty of violating chapter 114 by, inter alia, improperly certifying documents under section 114.16. But nowhere in chapter 114 is any grant of authority to the board to enforce section 114.16 (or any other section) against a state agency that records a document not complying with chapter 114."

In re Iowa State Commerce Commission, 252 Iowa 1237, 110 N.W.2d 390, relied upon by the board, is not persuasive authority for the proposition the board may litigate its dispute with defendant. In that case, a state agency obtained a court order requiring the president of a private enterprise to obey the terms of a subpoena *duces tecum* originally issued by the agency. Neither did the matter evolve into a law action, nor were both "parties" state agencies. The cases are factually dissimilar and distinguishable.

█ We now hold the dispute between the board and the commission was of a type that required submission to arbitration under section 679.19, The Code, and further that chapter 114 provides no statutory grant of authority sufficient to enable the board to intervene in an action against another state agency.

III. The board argues, nevertheless, it is entitled to litigate its dispute since it properly intervened under rule 75, R.C.P., set out, supra.

The board points out that rule 75 is remedial and should be liberally construed to reduce litigation and expeditiously determine matters before the court. It urges,

under a liberal construction, it has requisite "interest" in the subject matter of the original lawsuit to intervene.

This statement of law in State ex rel. Turner v. Iowa State Highway Comm., 186 N.W.2d 141, 147 (Iowa 1971), is apposite to the board's position on the question of interest:

"Sufficient *interest*, not necessity, is the test for the right to intervene and neither the desire, advantage nor disadvantage of plaintiff or defendant is controlling. * * * [citing authorities]. Intervention is remedial and should be liberally construed to the end that litigation may be reduced and more expeditiously determined. * * * [citing authorities]." (Emphasis in the original.)

The board's argument is misplaced, however, since section 679.19 obviates the board's standing to litigate the dispute despite its conceivable interest in the subject matter. The board may not rely on plaintiff's good standing as solid foundation for its own. Defendant notes this statement from Board of Directors v. Board of Education, 251 Iowa 929, 937, 103 N.W.2d 696, 701:

"The contention that the petition of intervention filed herein is defensive and that one may engage in appeal litigation once commenced, although he may not commence it, has no merit. His interest must be a legally-recognized interest to participate at all. To intervene in such an appeal, the party must have a standing or interest sufficient to maintain the original appeal. * * *." In accord is Eden Township Sch. Dist. v. Carroll County Bd. of Ed., 181 N.W.2d 158, 165 (Iowa 1970).

Admittedly this excerpt relates to situations where one party wishes to intervene in an appeal, while here we are faced with the right to intervene at the trial level. Yet, in substance, it would seem applicable. The board cannot rely on plaintiff's standing to justify its own participation, for had the board stood alone in bringing the action, it most certainly would not have been allowed.

In State ex rel. Turner v. Iowa State Highway Comm., supra, 186 N.W.2d at 147, where plaintiff-attorney general was found to have no standing to maintain the cause of action, intervenor's right to relief was distinguished and acknowledged:

"We found in Division I that the Attorney General in his official capacity had no standing to maintain this cause of action based on the Cosson [Cosson v. Bradshaw, 160 Iowa 296, 141 N.W. 1062] and Fletcher [State ex rel. Fletcher v. Executive Council, 207 Iowa 923, 223 N.W. 737] cases, supra. The status of the intervenors is different. They are citizens and taxpayers and their status as plaintiffs is not subject to the same type of attack on the basis of standing as was the status of Attorney General. *Had the intervenors brought this action as original party plaintiffs in their capacities as citizens and taxpayers to restrain allegedly illegal use of funds, they would have stated a proper cause of action.* Harding v. Board of Supervisors of Osceola County, 213 Iowa 560, 572, 237 N.W. 625, 631." (Emphasis supplied).

However, in the case before us the board does not have a separate and independent basis for jurisdiction in which failure to adjudicate the claim will result only in unnecessary delay.

The board cannot state a proper cause of action either as intervenor or plaintiff. Section 679.19 makes no distinction between the two capacities and any drawn by the court would be artificial.

We agree with the trial court's conclusion that the board's argument is untenable.

The case is therefore

Affirmed.

All Justices concur.