LILLIAN M. QUINN, Deputy Secretary, Department of Regulation andLicensing *Page 59 
You request my opinion whether the public office held by a member of a board which licenses and regulates a particular profession and the position of an officer in a private professional association organized to advance the interests of the regulated profession are incompatible so as to preclude one person from holding both positions at the same time.
Your inquiry does not raise a question as to incompatibility of offices. Strictly speaking the doctrine of incompatibility applies only where two or more public offices are concerned.
As stated in 58 OAG 247:
"Public offices may be made incompatible by statute or they may be incompatible according to well-settled principles of common law. In some instances, offices which appear to be incompatible because of a possible conflict of duties or power of one over the other as to appointment, supervision, and pay, may be designated as compatible by statute.
"Public policy requires, that an office holder discharge his duties with undivided loyalty, therefore, in general terms, two offices are incompatible if there is a conflict of interest or duties, so that the incumbent of one office cannot discharge with fidelity and propriety the duties of both. Incompatibility is not simply a physical impossibility to discharge the duties of both offices at the same time, but is an inconsistency in the functions of the two offices. This might arise, for example, where one office is subordinate to the other, or where a contrariety and antagonism would result in the attempt by one person to discharge faithfully and impartially the duties of both."
A person cannot be a public officer, however chosen, unless there is devolved upon him by law the exercise of some portion of the sovereign power of the state in the exercise of which the public has a concern, and such powers and duties must be performed independently and without the control of a superior authority other than the law.
Martin v. Smith (1941), 239 Wis. 314, 1 N.W.2d 163
 Barton v. State Appeals Board (1968), 38 Wis.2d 294, 301,156 N.W.2d 386 *Page 60 
63 Am. Jur. 2d, Public Officers and Employes § 3, pp. 627, 628.
A member of a licensing board would in most cases be a public officer. An officer or director of a private non-profit professional association would not be a public officer. There may be special circumstances, such as in the case of the State Bar of Wisconsin, where a professional association does exist as a state agency. See sec. 257.25, Stats., 48 OAG 30 (1959). Your department has no program responsibilities with respect to the licensing or supervision of attorneys.
By reason of sec. 15.40, Stats., your department does havelimited program responsibilities with respect to some fourteen examining boards or licensing agencies set forth in sec. 15.401, Stats. However, just as questions relating to compatibility of public officers should refer to specific offices so that a detailed comparison of the statutes involved and respective duties of the offices can be made, questions relating to conflicts of interest and qualifications for office should be framed to restrict inquiry to the offices or positions particularly involved.
You direct our attention to the following statements of general law in 63 Am. Jur. 2d, Public Offices and Employes:
"It is the duty of public officers to refrain from outside activities which interfere with the proper discharge of their duties. Within reasonable limits * * * the legislature has power to ascertain and declare what activities are inconsistent with the proper performance of public duties." § 280, p. 794.
"A public officer has an undivided duty to the public whom he serves, and is not permitted to place himself in a position which will subject him to conflicting duties or expose him to the temptation of acting in any manner other than in the best interests of the public." § 281, p. 794.
You also cite State ex rel. Wis. Bd. of Architects andProfessional Engineers v. T.V. Engineers of Kenosha, Inc. (1966),30 Wis.2d 434, 438, 141 N.W.2d 235 which states:
"This statute [sec. 101.31] as all licensing regulatory statutes, is not enacted for the benefit of the persons licensed thereunder but for the benefit and protection of the public." *Page 61 
While the above statements of law are applicable to conflict of interest and eligibility for public office questions, they do not necessarily support your apparent feeling of irreconcilable conflict between duties as officer on a licensing board and duties as officer of a private professional society.
Your letter states:
"The role of the private professional society or association in the regulating function is ambiguous and has been seen by some as opposed to the best interests of the public, especially those attempts at the establishment of unduly restrictive experience and educational requirements in the licensing procedure and at incorporating into administrative rules, certain standards and particular interests of the private society or association."
The legislature has not expressly provided that officers of private professional societies or associations are ineligible to serve on examining boards. Section 946.13, Stats., does prohibit public officers from having a private pecuniary interest in certain contracts and may be applicable in some situations. In case of such conflict the public officer may be able to avoid violation of the statute by abstention. A public officer may be able to avoid other conflicts not expressly prohibited by law in the same manner. He could, of course, resign from either office if a serious conflict arose. As a public officer, his primary duty is always to the public; however, it is often a question of fact as to what the public interest is, and the professional interest of the public officer may in many cases be compatible with the public interest.
The interest of a given professional society in promoting the interests of its trade or profession may be concurrent or compatible with the duty of an examining board as expressed in sec. 15.08 (6) which provides:
"15.08 (6) IMPROVEMENT OF THE PROFESSION. In addition to any other duties vested in it by law, each examining board shall foster the standards of education or training pertaining to its own trade or profession, not only in relation of the trade or profession to the interest of the individual or to organized business enterprise, but also in relation to government and to the general welfare. Each examining board shall endeavor, both within and *Page 62 
outside its own trade or profession, to bring about a better understanding of the relationship of the particular trade or profession to the general welfare of this state."
The legislature has required that all or a majority of the members of most examining boards be licensed thereunder. See sec.15.405, Stats.
Conduct adverse to the public interest may be arbitrary and capricious and result in actions subject to reversal by court review: however under present law it would not cause a vacancy in office nor compel removal by the appointing authority for cause. See secs. 17.07 (2), 17.16 Stats. Questions of ethics may also be involved where a member of a licensing board also serves as an officer of a private professional society. In most cases it should raise no greater conflict where the member of the licensing board is an officer of a private professional society than where he is merely a member of a private professional society. Membership in professional societies is encouraged by the legislature through tax benefits and, in some cases, special statutes. See secs. 148.01, 148.02, 447.11, 447.12, Stats. In case of the State Bar, membership is compulsory. Sec. 256.25, Stats.
In general it can be said that, absent specific statutes, matters of qualifications for members of examining boards are for the appointing authority and legislature, where its advice and consent is required. Such authorities could make inquiry of nominees or potential nominees of all areas of potential conflicts of interest including membership in or offices held in a private professional society.
I am of the opinion that a member of a licensing board is not, as a matter of law, precluded from holding membership in or acting as an officer of a private professional society or association.
RWW:RV