SHORES, Justice
(dissenting):
McWhorter is engaged in a business which consists of modifying air compressors which are attached with filtering systems and sold for use in filling air tanks used by skin divers and fire departments. His business does not entail the practice of engineering.
McWhorter lists his name in the yellow pages only under “Divers” and “Divers’ Equipment & Supplies.” He does not, and never has, listed his business name under any of the approximately thirty-five categories of “Engineer” listed in the yellow pages. He has done business since 1952 in a building which bears no sign. He has no walk in trade. No one has ever inquired of McWhorter if he was or is a professional engineer. Although he uses the trade name “McWhorter Engineering Company,” McWhorter has never done anything else to convey the impression that he is a licensed engineer.
The statutory prohibition is:
. It shall be unlawful for any person ... to use in connection with his name ... or advertise any title or description tending to convey the impression that he is a professional engineer . . . .” (Emphasis Supplied) (Title 46, § 128(1), Code 1973 Supp.)
The trial court held that the use of the word “engineering” in McWhorter’s trade name was a per se violation of the statute. The majority affirms.
I cannot agree. The use of the word “engineering” may or may not create an impression that one is qualified to render engineering services which cannot be rendered by one not licensed to do so.
The prohibition in the statute, insofar as trade names are concerned, is confined to the use of a name, title or description “tending to convey the impression that he is a professional engineer.”
The prohibition specified is conveying the impression of being a professional engineer.
In § 128(2)(g), “Practice and offer to practice ” is defined as follows:
“A person shall be construed to . offer to practice engineering within the meaning and intent of this chapter . . . who by verbal claim, sign, advertisement, letterhead, card, or in any other way represents himself tó be a professional engineer, or through the use of some other title implies that he is a professional engineer . . . (Emphasis Supplied)
The majority holds that the legislature used the words “engineer” and “professional engineer” synonymously. Two courts have rejected this argument which was advanced in cases involving statutes similar to ours. North Carolina State Board of Registration for Professional Engineers, etc. v. Intern. Business Machines Corp., 31 N.C.App. 599, 230 S.E.2d 552 (1976); State v. T. V. Engineers of Kenosha, Inc., 30 Wis.2d 434, 141 N.W.2d 235 (1966).
I believe our legislation specifically prohibits the use of the words “professional engineer” in a title or trade name by one not a licensed engineer. I further believe *776 that before one can be successfully prosecuted or enjoined for using the word “engineer,” the burden is on the State (Board) to show by the evidence that the use of that word has misled or tended to mislead the public that the user of the word “engineer” is offering to practice the profession of engineering. The mere use of the word “engineer” in a trade name does not, in and of itself, “tend to convey the impression that he is a professional engineer.”
The Board put on no evidence that the use of engineering in the trade name of this appellant tended to mislead anyone. To the contrary, the State conceded that no one has been misled. Its sole argument is bottomed on the proposition that this statute has foreclosed the use of this word to all except licensed engineers or unlicensed engineers who have presumably misled the public for more than fifteen years.
Such a holding runs counter to what the legislation provides. It forbids the practice or offer to practice engineering by one not licensed. It also forbids the use of words in names, advertising, etc. which tend to convey the impression that one is a professional engineer. The use of the word “engineer” or “engineering” in one’s title or advertising does not per se constitute the practice nor the offer to practice engineering.
As the majority notes, this statute carries both civil and criminal penalties. The Board, therefore, has the burden of showing either that McWhorter has practiced or offered to practice engineering without a license to do so, or that the use of the word “engineering” in his trade name has tended to or did mislead members of the public. It has done neither.
I would reverse and remand.
TORBERT, C. J., and MADDOX, J., concur.