ANN HANEY, Secretary Department of Regulation and Licensing
Your Department has asked whether a business firm which uses the term "engineering" in its business name without any other description of the services offered and which has no professional engineer retained by the firm is in violation of ch. 443, Stats.
An analysis of the applicable statutory and case law indicates that your question cannot definitely be answered "yes" or "no," but that the answer depends on the particular circumstances under which the business uses the term "engineering."
Section 443.08(5), Stats., forbids a firm, partnership, or corporation from, among other things, "assum[ing], us[ing] or advertis[ing] any title or description tending to convey the impression that it is engaged in the practice of architecture or professional engineering" unless the firm employs professional engineers certified under this chapter and has received a certificate of authorization to perform professional engineering services. Sec. 443.08(2), Stats.
Likewise, no person shall "assume, use or advertise any title or description tending to convey the impression that he or she is an architect or professional engineer" unless he or she is certified under this chapter. Sec. 443.02(3), Stats. *Page 132 
Finally, a person who "represents" himself or herself as a professional engineer who has not been certified under this chapter is subject to fine or imprisonment. Section 443.18(1)(a), Stats.
These statutes indicate that neither a business nor a person may assume, use or advertise a title or description which tends to convey to the public the impression that such business or person is a professional engineer when said business or person is not certified under this chapter. The focus in considering whether the use of the word "engineering" in a business title violates this chapter must thus be on the likely impression conveyed to the public as to whether that person is a professional engineer. The statutory language indicates that the determination must depend on the facts and circumstances surrounding the business' or person's use of that term.
In State ex rel. Wis. R. Bd. of A. P. E. v. T.V. Engineers ofKenosha, Inc., 30 Wis.2d 434, 141 N.W.2d 235 (1966), the supreme court overturned an injunction against T.V. Engineers, Inc., on the basis that T.V. Engineers, Inc., did not use a name that tended to convey the impression that it practiced professional engineering. The court, on page 443 of the opinion, indicated that the use of the term "engineer" or "engineering" in a business title could tend to convey the impression that the business offers professional engineering services. The court indicated that: "Whether the use of the word `engineer' or `engineering' in a business title tends to convey the impression of practicing or offering to practice professional engineering must then be determined as a matter of fact by the circumstances of the case under consideration." Id., 30 Wis.2d at 443.
The supreme court has thus interpreted the statute to require examination of facts on a case-by-case basis. This is consonant with a prior attorney general's opinion on a matter similar to the present one, 53 Op. Att'y Gen. 81 (1964), where it is stated at 89:
 "The question of whether the company `implies' or `represents' or `holds itself out' as able to practice professional engineering is then a question of fact and must be decided on the basis of the individual circumstances including, but not exclusively based on, the use of the word `engineering' in its corporate name." *Page 133 
Although T.V. Engineers and 53 Op. Att'y Gen. 81 (1964) were written under statutes which were repealed prior to the adoption of the present ch. 443, Stats., the former statutes were substantially similar to the present statutes on this matter. Thus the above authority remains relevant and useful in considering your question.
In conclusion, the above authority and analysis should make it clear why your question does not lend itself to a "yes" or "no" answer. Such questions must rather be determined on a case-by-case basis. Evidence which may be relevant to the above inquiry may include such things as advertisements, the services actually offered by the business (53 Op. Att'y Gen. 81, 89 (1964)), and yellow-page listings (T. V. Engineers), among others.
BCL:JDJ:EWJF