**IN THE COURT OF APPEALS OF IOWA**

No. 14-1605
Filed June 24, 2015


**IOWA INDIVIDUAL HEALTH BENEFIT REINSURANCE ASSOCIATION,**
    Plaintiff-Appellant,

**vs.**

**STATE UNIVERSITY OF IOWA, IOWA STATE**
**UNIVERSITY OF SCIENCE AND TECHNOLOGY,**
and **UNIVERSITY OF NORTHERN IOWA,**
    Defendants-Appellees.
_____


        Appeal from the Iowa District Court for Polk County, Dennis J. Stovall,

Judge.


        Iowa Individual Health Benefit Reinsurance Association appeals the

dismissal of its suit against the universities.  **AFFIRMED.**



        Gregory M. Lederer of Lederer Weston Craig, P.L.C., Cedar Rapids, for

appellant.

        Thomas J. Miller, Attorney General, Jeffrey S. Thompson, Solicitor

General, and Diane M. Stahle, Special Assistant Attorney General, for appellees.



        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, J.**

The Iowa Individual Health Benefit Reinsurance Association (Reinsurance Association) appeals the dismissal of its suit against three state universities, contending the district court erred in concluding it did not have the authority to bring the suit. Finding no error, we affirm.

**I. Background Facts.**

The Reinsurance Association filed a suit against the three Iowa state universities (University of Iowa, Iowa State University, and University of Northern Iowa), asserting each university was a member of the Reinsurance Association pursuant to Iowa Code section 513C.10(1)(a) (2009)[1] and, despite demands, had failed to pay a 2010 assessment and failed to submit a 2011 reporting form or pay that year's assessment determined under section 513C.10(6). The universities filed a pre-answer motion to dismiss, contending the Reinsurance Association did not have authority to sue, and, even if it did have such authority, litigation between governmental entities must be submitted to arbitration under Iowa Code section 679A.19.[2] The district court dismissed the action, concluding the Reinsurance Association had only the limited powers granted to it by the legislature, which no longer included the authority to sue.

The Reinsurance Association appeals.

---

[1] The 2010 asserted assessment is governed by the 2009 version of the Iowa Code and the 2011 assessment by the 2011 code. No substantive changes occurred between those versions.

[2] Section 679A.19 provides:

> Any litigation between administrative departments, commissions or boards of the state government is prohibited. All disputes between said governmental agencies shall be submitted to a board of arbitration of three members to be composed of two members to be appointed by the departments involved in the dispute and a third member to be appointed by the governor. The decision of the board shall be final.

## II. Scope and Standard of Review.

Because this dispute raises an issue of statutory interpretation, our review is for correction of errors at law. *Bank of Am.*, *N.A. v. Schulte*, 843 N.W.2d 876, 880 (Iowa 2014).

## III. Discussion.

The Reinsurance Association was established by the legislature in 1995. *See* 1995 Iowa Acts ch. 103, § 12. The provision establishing the Reinsurance Association, codified in Iowa Code section 513C.10 (1997), then provided:

> 1. A nonprofit corporation is established to be known as the Iowa individual health benefit reinsurance association. All persons that provide health benefit plans in this state including insurers providing accident and sickness insurance under chapter 509, 514, or 514A; fraternal benefit societies providing hospital, medical, or nursing benefits under chapter 512B; and health maintenance organizations, organized delivery systems, and all other entities providing health insurance or health benefits subject to state insurance regulation shall be members of this association. The association shall be incorporated under chapter 504A, shall operate under a plan of operation established and approved pursuant to chapter 504A, and *shall exercise its powers through a board of directors established under this section*.
> . . . .
> 5. The *association has the general powers and authority enumerated by this section* and executed in accordance with the plan of operation approved by the commissioner under subsection 3. In addition, the association *may do any of the following*:
> > a. Enter into contracts as necessary or proper to administer this chapter.
> > b. *Sue or be sued*, including taking any legal action necessary or proper for recovery of any assessments for, on behalf of, or against members of the association or other participating persons.
> > c. Appoint from among members appropriate legal, actuarial, and other committees as necessary to provide technical assistance in the operation of the association, including the hiring of independent consultants as necessary.
> > d. Perform any other functions within the authority of the association.

(Emphasis added.)

But in 2001, the statutory language was amended and no longer enumerated the association's powers. *See* 2001 Iowa Acts, ch. 125, § 4. The Reinsurance Association argues, however, that because it was created as a nonprofit corporation, it possesses all of the general powers enumerated in section 504.302, which includes the power to "sue and be sued." Iowa Code § 504.302(1). We disagree.

Entities created by statute are "limited in power to that authority granted by the legislature." *Llewellyn v. Iowa State Commerce Comm'n*, 200 N.W.2d 881, 884 (Iowa 1972). The Reinsurance Association ignores critical language in its establishing statutory provision—the responsibilities of the Reinsurance Association are no longer exercised through a section 513C.10 board of directors. *See* Iowa Code 513C.10(1). Rather, the Reinsurance Association now is statutorily required to exercise its responsibilities through a section 514E board of directors. *Id.* The amended statutory scheme now provides:

> 1. The Iowa individual health benefit reinsurance association is established as a nonprofit corporation.
> a. All persons that provide health benefit plans in this state including insurers providing accident and sickness insurance under chapter 509, 514, or 514A, whether on an individual or group basis; fraternal benefit societies providing hospital, medical, or nursing benefits under chapter 512B; and health maintenance organizations, organized delivery systems, other entities providing health insurance or health benefits subject to state insurance regulation, and all other insurers as designated by the board of directors of the Iowa comprehensive health insurance association with the approval of the commissioner shall be members of the association.
> b. The association shall be incorporated under chapter 504 or 504A, shall operate under a plan of operation established and approved pursuant to chapter 504 or 504A, and *shall exercise its*

*powers through the board of directors established under chapter 514E.*

*Id.* (emphasis added).

Turning to chapter 514E, section 514E.2(1) establishes the Iowa Comprehensive Health Insurance Association, which is to "assure that benefits authorized in section 514E.1, subsection 2" were made available and "*shall also be responsible for administering the Iowa individual health benefit reinsurance association* pursuant to all of the terms and conditions contained in chapter 513C." *Id.* § 514E.2(1) (emphasis added). We are not free to ignore this statutory language. Iowa's Nonprofit Corporation Act recognizes that not all nonprofit corporations can exercise the general powers granted by chapter 504. Specifically, Iowa Code section 504.301(2) states: "A corporation engaging in an activity that is subject to regulation under another statute of this state may incorporate under this chapter only if incorporation under this chapter is not prohibited by the other statute. *The corporation shall be subject to all limitations of the other statute.*" (Emphasis added).

There can be little doubt that the Reinsurance Association is regulated by Iowa Code chapter 513C. Because of that, the limitations of chapter 513C prevail over the more general provisions of chapter 504.

> When interpreting statutes, we seek the legislature's intent. *Schaefer v. Putnam*, 841 N.W.2d 68, 75 (Iowa 2013). . . . Rather than analyzing words or phrases in isolation, we assess the entire statute. *Hardin Cnty. Drainage Dist. 55, Div. 3, Lateral 10 v. Union Pac. R.R.*, 826 N.W.2d 507, 512 (Iowa 2013). We consider a statute's legislative history, including prior versions of the statute. *State v. Romer*, 832 N.W.2d 169, 176 (Iowa 2013). Under the pretext of construction, we may not extend a statute, expand a statute, or change its meaning. *Id.* On the other hand, we look no further than the language of the statute when it is unambiguous.

*Estate of Ryan v. Heritage Trails Assocs., Inc.*, 745 N.W.2d 724, 730 (Iowa 2008).

*Schulte*, 843 N.W.2d at 880.

"When a general statute is in conflict with a specific statute, the latter generally prevails whether enacted before or after the general statute." *Llewellyn*, 200 N.W.2d at 884; *see also* Iowa Code § 4.7 ("If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general.").

Pursuant to section 514E.2, the Iowa Comprehensive Health Insurance Association "shall operate under a plan of operation established and approved under subsection 3 and shall exercise its powers through a board of directors established under this section." Further,

> The [Iowa Comprehensive Health Insurance] association has the general powers and authority enumerated by this subsection and executed in accordance with the plan of operation approved by the commissioner under subsection 3. The association has the general powers and authority granted under the laws of this state to carriers licensed to issue health insurance. In addition, the association may do any of the following:
> a. Enter into contracts as necessary or proper to carry out this chapter.
> b. *Sue or be sued*, *including taking any legal action necessary or proper for recovery of any assessments* for, on behalf of, or against participating carriers.

Iowa Code § 514E.2(5) (emphasis added).

We do not believe the statute at issue in this case is ambiguous. The Iowa Comprehensive Health Insurance Association is statutorily "responsible for administering the Iowa individual health benefit reinsurance association pursuant to all of the terms and conditions contained in chapter 513C." *Id.* § 514E.2(1).

This explicit placement of the exercise of section 513C.10 powers with the Iowa Comprehensive Health Insurance Association, including the right to sue, must be read in conjunction with the statutory elimination of the Reinsurance Association's enumerated powers. The district court did not err in concluding the Reinsurance Association was without authority to bring this suit, and therefore we affirm.

**AFFIRMED.**