John H. Galloway, Jr., J.
Plaintiffs move, in this action for a declaratory judgment and for an injunction, for summary judgment under CPLR 3212 (subd. [b]) on the grounds that there are no triable issues of fact herein and no defenses to their cause of action, and for an injunction pending the determination of the action, pursuant to CPLR 6301.
Defendants cross-move for summary judgment dismissing the amended complaint as a matter of law. Defendants have admitted all the allegations of material fact of the amended complaint.
Plaintiffs are the Chief of Police and five senior police officers of the Village of Mamaroneck. The defendants are the Mayor and Trustees constituting the Board of Trustees of the village.
Plaintiffs challenge the validity of those provisions of Local Law No. 3-1966 enacted by the board, in their application to their positions, to the extent that section 4 thereof purports to terminate their employment as police officers of the village in violation of sections 10 and 11 of the Municipal Home Rule Law, and that said local law is inconsistent with the general laws of New York, namely: the Civil Service Law; sections 192 to 199-f of the Village Law; and chapter 834 of the Laws of 1940; and inconsistent with the provisions of section 7 of article V of the State Constitution. Plaintiffs claim that the adoption of the said local law has had an adverse impact upon their rights as police officers of the village and will result in the confiscation of their rights as such.
The thrust of plaintiffs ’ argument appears to be that section 4 of the challenged local law purports to provide for the removal of police officers of the village in contravention of the laws or statutes of New York of general application which prevent such removals except for incompetency or misconduct, that is to say, that Local Law No. 3 in effect “ removes ” plaintiffs from their civil service positions without a disciplinary hearing or trial, in violation of chapter 834 of the Laws of 1940. We are unable to agree with plaintiffs’ contention. The language of section 4 of Local Law No. 3 speaks unequivocally of termination of employment at age 62, and not of “ removal ” from office. The whole act is concerned with retirement for age of police officers from service, at a certain age determined by the Board of Trustees in the public interest of the village, and not with their removal for incompetency or misconduct. “ Retirement ” does not constitute “ removal ” within the mean *339 ing of chapter 834 of the Laws of 1940. (See Humbeutel v. City of New York, 125 N. Y. S. 2d 198, affd. 283 App. Div. 1011, affd. 308 N. Y. 904).
Section 4 of Local Law No. 3-1966 provides as follows: “ Section 4. The employment of any officer or member of the Police Department of the Village of Mamaroneck employed on or before the effective date of this Local Law who is not a member of the State Employees Retirement System or who, being a member does not at any time elect to contribute to the retirement system pursuant to Section 84 of the Retirement and Social Security Law, shall be terminated on the first day of the calendar month next succeeding his attainment of age sixty-two, or on the first day of the calendar month after his next birthday, whichever is the later, unless the period of service in the Police Department of the Village is extended by written notice to such officer or member issued by the Board of Trustees at least one year prior to his attaining age sixty-two, provided, however, that the employment of the Chief of Police of the Village of Mamaroneck shall be terminated on the first day of the calendar month next succeeding his attainment of age sixty-five.”
The plaintiffs all are members of the Police Pension Fund of the Village of Mamaroneck established by the village pursuant to authority granted in sections 192 to 199-f of the Village Law. None of them is a member of the New York State Employees’ Retirement System, nor has any of them contributed to that retirement system pursuant to section 84 of the Retirement and Social Security Law.
The challenged local law clearly appears to have been adopted pursuant to the general authority conferred by subdivision 59 of section 89 of the Village Law, and constituted a valid exercise of legislative power granted to villages under that statute and more specifically under subdivision 1 (par. [ii] and subpar. a, cl. [1]) of section 10 of the Municipal Home Rule Law. The last-cited clause of section 10 empowers a village to adopt local laws, not inconsistent with the Constitution or any general law relating to “ terms of office, compensation, hours of work protection, welfare and safety of its officers and employees ’ ’. (Emphasis added.) We find nothing in the Municipal Home Rule Law which would limit the authority of the defendant village Board of Trustees to adopt the local law in question.
Local Law No. 3 provides for police officers of the village who are members of its own Police Pension Fund a retirement age plan at 62 and at 65 for the Chief of Police.
In Local Law No. 3 the village has provided for its police force, whose members are members of its own local pension plan, *340 a plan for retirement from service employment at age 62 for officers and at age 65 for the Chief of Police, which is substantially similar to the mandatory retirement provisions of subdivision b of section 84 of the Retirement and Social Security Law for village police who are members of the New York State Employees’ Retirement System, of which Mamaroneck’s police have not become members, since they are members of its own local pension plan. The plaintiffs’ reliance on the State Comptroller’s opinion (20 Op. St. Comp., 1964, p. 395) is misplaced. There the Comptroller ruled that a village cannot by local law mandate the retirement of a village employee at a particular age in derogation of the rights conferred by section 75 of the Civil Service Law if such “ employee is not a member of the New York State Employees’ Retirement System and is not a member of a local pension system”. (Emphasis added.) The Comptroller’s opinion is not in point, since the plaintiffs here are members of a local pension plan or system adopted by the village for its police officers.
Furthermore, the New York Attorney-General (in 1958 Atty. Gen. [Inf.] 147) has held that a village may adopt a local law providing for termination of service of its policemen at an age earlier than age 70 (the age 70 requirement contained in section 70 of the Retirement and Social Security Law), providing such local law is not inconsistent with section 113-a of the latter statute, which suspends local provisions for termination of service of an employee until he attains eligibility for social security benefits. In the case at bar, each of the plaintiffs has completed 25 years of police service and each is now eligible for retirement at one half of his full compensation pursuant to subdivision 7 of section 194 of the Village Law. In addition, each will have attained, at the date of termination of service under Local Law No. 3, the age of eligibility for social security benefits. Accordingly the provisions of section 113-a of the Retirement and Social Security Law will not be contravened in plaintiffs’ cases by the local law in question, nor are its retirement provisions in any case inconsistent with section 113-a, nor are they prohibited by subdivision b of section 113 of that statute (See 1958 Atty. Gen. [Inf.] 147, supra).
The adoption of a local law by the City of New York similarly providing for termination of service of police officers (at age 63) was upheld as a valid enactment in Humbeutel v. City of New York (125 N. Y. S. 2d 198, 204, affd. 283 App. Div. 1011, affd. 308 N. Y. 904).
As noted above, each of the plaintiffs is clearly entitled to retire now at one half his full compensation, pursuant to *341 subdivision 7 of section 194 of the Village Law, having served for more than 25 years and being members of the village’s Police Pension Fund. Accordingly, Local Law No. 3 in no way violates section 7 of article V of the State Constitution, which provides that ‘ ‘ membership in any pension or retirement system of the state or a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired.”
Plaintiffs suggest that since their retirement allowance after 25 years of service is one half their final salary, under subdivision 7 of section 194 of the Village Law, their rights are impaired by the local law’s required retirement at age 62, because, were they permitted to serve to the later age of 70, they will have, by annual increases in salary (in line with current salary policy), attained a higher final salary than they have now attained. This, they say, is inconsistent with section 7 of article V of the Constitution which proscribes diminution or impairment of pension benefits. The contention lacks merit. Since we have held that the village was authorized to establish a mandatory retirement age less than 70, the police officer’s pension benefits become fixed at the prescribed age of termination of employment and retirement, and they are not lessened or impaired, in the constitutional sense, because of inability thereafter to earn an increased salary. The time at which the plaintiffs, as members of the local Police Pension Fund, become eligible for pensions is not postponed, or otherwise limited by the local law, for each of them is even now, after 25 years of service, eligible for that pension.
In rejecting a similar contention by a police officer in New York City, Mr. Justice Bergah, writing for a unanimous court in the Appellate Division, First Department, most appositely meets plaintiffs’ contention, in Gorman v. City of New York (280 App. Div. 39, 45, affd. 304 N. Y. 865) wherein he said: “ The contractual nature of membership in a pension system does not also freeze public employment into unchangeable status. That a member’s benefits in a pension system may not constitutionally be impaired does not also give him a constitutional right to stay in public employment. To do this would place the regulation of public employment beyond the control of any authority, and the New York Constitution cannot be read in this sense.”
We reach the conclusion that section 4 of Local Law No. 3-1966 of the Village of Mamaroneek, as enacted and in its application to the positions of the plaintiffs as police officers and to their pension rights, is not invalid as in violation of or inconsistent *342 with the statutes of general application relied upon by plaintiffs, and that it is not inconsistent with or in violation of section 7 of article V of the New York Constitution. Accordingly, plaintiffs’ motion for summary judgment of declaration in their favor on their amended complaint is denied, and defendants’ cross motion for summary judgment dismissing the amended complaint for insufficiency as a matter of law is granted, without costs.