**John A. PETERS, Appellee,**

v.

**IOWA EMPLOYMENT SECURITY COMMISSION et al., Appellants.**

No. 57559.

Supreme Court of Iowa.

Dec. 15, 1976.

Walter F. Maley and Blair H. Dewey, Des Moines, and Richard C. Turner, Atty. Gen., and Richard E. Haesemeyer, Solicitor Gen., for appellants.

H. M. Coggeshall, Des Moines, for appellee.

Heard before MOORE, C. J., and MASON, UHLENHOPP, HARRIS and McCORMICK, JJ.

MASON, Justice.

The Iowa Employment Security Commission (hereinafter Commission) appeals from

a decree of the Polk District Court sustaining a writ of certiorari issued upon the petition of John A. Peters. Peters filed the certiorari action December 13, 1973, and a writ was issued the same day.

Peters alleged in his petition for writ of certiorari that he was honorably discharged from the armed forces of the United States following wartime service and was therefore entitled to the benefits of the Soldiers Preference Law, chapter 70, The Code, 1973. He further alleged his impending discharge was in violation of section 70.2, The Code, in that his age was the only ground for his discharge and was in violation of section 70.6, in that notice and hearing were not afforded him.

The trial court, on its own motion, issued an order December 20 enjoining the Commission from terminating Peters' employment and from failing to pay him his usual salary.

The Commission in answer filed December 24 denied any illegal action on its part and asserted sections 97B.45 and 97B.46, The Code, were controlling as to Peters' retirement.

In reply Peters denied that sections 97B.45 and 97B.46 were controlling, alleged the Commission's retirement policy violated his rights of due process and equal protection under Amendment 14 to the United States Constitution and stated the denial of his extension request was arbitrary resulting in an equal protection deprivation.

July 22, 1974, a decree was entered sustaining the writ and enjoining Peters' compulsory retirement. The Commission's appeal followed.

Peters, director of the Unemployment Insurance Division of respondent Commission, was 70 years of age at time of trial and had been employed by the Commission since August 25, 1936. Peters' public employment was interrupted when he was inducted into the armed forces June 20, 1942. He was honorably discharged March 31, 1943.

In 1973 the legislature reduced the retirement age for public employees covered by the Iowa Public Employees' Retirement System from 70 to 65 years of age, subject to the power of public employers to adopt a policy prescribing retirement for their employees at any age not less than 65 years. 1973 Session of the Sixty-fifth General Assembly, chapter 149, sections 7 and 8.

In response to the legislature's action the Commission issued Administrative Letter No. 184 October 4, 1973, outlining a revised retirement policy. The provision of that revised policy pertinent hereto provided that all employees 65 years of age or older on June 30, 1973, would be retired effective December 31, 1973. Allowing for a nine-month transition period 65 years of age was established as the mandatory retirement age for all Commission employees unless an extension was granted. The employee's position, work performance, attendance and physical well-being were denominated as factors to be considered in granting or denying extensions.

Under the provisions of the Commission's new retirement policy Peters was scheduled to retire December 31, 1973. December 3 he requested an extension of employment until April 30, 1974. That request was denied by the Commission the next day.

At trial it was established that at or near the time of the denial of Peters' extension request five other Commission employees received extensions. In addition, subject to the Commission's relevancy and materiality objection, H.F. 1109, 1974 Session, Sixty-fifth General Assembly, was introduced in evidence at trial. That bill would have amended section 70.2 by adding thereto the following:

"However, this section shall not prevent the mandatory retirement of a veteran because of age where such retirement is pursuant to a retirement policy or plan adopted by the public department or agency employing the veteran as authorized by law."

No mention of that bill was included in the trial court's findings of fact, conclusions of law or decree.

The trial court concluded in part as follows:

"Unless Sec. 70.2 was impliedly repealed by Sec. 97B.45, Plaintiff may not be compulsorily retired by the Commission, and the Court concludes that Sec. 70.2 has not been impliedly repealed. Sec. 4.7 of the Code of Iowa provides that conflict between general and special statutes 'shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision.'

"As between Sec. 70.2 and Sec. 97B.45, Sec. 70.2 is a special statute, whereas Sec. 97B.45 is a general statute."

The facts presented in this appeal are undisputed. The Commission only appeals from the trial court's ruling as a matter of law that section 70.2 and not section 97B.45 is controlling.

I. In seeking reversal the Commission initially directs this court's attention to the alleged fact that the actuarial soundness of a pension fund is dependent upon a fixed retirement age for the employees covered by the pension system. Assuming arguendo that fact was established, although no evidence was presented in support thereof, the significance bestowed upon it by the Commission would be unjustified in light of the fact the legislature did not deem it necessary to enact a fixed mandatory retirement age. The establishment of 65 years as the retirement age for public employees is subject to the previously noted option of public employers to prescribe retirement at any age not less than 65 years. The Commission's initial contention is of little, if any, assistance in the resolution of this appeal.

II. The scope of this court's review is set forth in *State v. Cullison,* 227 N.W.2d 121, 126 (Iowa 1975), in this manner:

"Certiorari is not an equitable proceeding. The action is by ordinary proceedings, rule 317, R.C.P., which means it is a law action. * * * [citing authority]. Consequently, our review ordinarily is not de novo and we do not review fact findings of the lower tribunal further than to ascertain if they are sustained by competent and substantial evidence. * * * [citing authorities].

" * * *

"Where there is no factual dispute and no conflicting inferences may be drawn from the facts it is for us to review trial court's conclusions as a matter of law. * * * [citing authority]. And in reviewing law issues, this court is not bound by trial court's ruling. * * * [citing authorities]." See also *Collier v. Denato,* Iowa, 247 N.W.2d 236, 238 (Filed November 17, 1976).

The present case is unencumbered by factual dispute and although multiple contentions are urged the precise issue presented can be stated as follows: As a matter of law, in litigation precipitated by the compulsory retirement of an honorably discharged veteran public employee, is chapter 70, The Code, controlling or do the provisions of sections 97B.45 and 97B.46 prevail?

Section 70.1, The Code, 1973, provided in part as follows:

"In every public department and upon all public works in the state, and of the counties, cities, towns, and school corporations thereof, honorably discharged men and women from the military or naval forces of the United States in any war in which the United States was or is now engaged, * * *, who are citizens and residents of this state shall be entitled to preference in appointment, employment, and promotion over other applicants of no greater qualifications. * * *."

Section 70.2, The Code, 1973, provided:

"The persons thus preferred shall not be disqualified from holding any position hereinbefore mentioned on account of age or by reason of any physical disability, provided such age or disability does not render such person incompetent to perform properly the duties of the position applied for."

Section 97B.45, The Code, 1973, as amended by chapter 149, section 7, chapter 150, section 1 and chapter 151, section 1, 1973 Session of the Sixty-fifth General Assembly, provided in part as follows:

"A member's normal retirement date shall be the first of the month coinciding

with or next following his sixty-fifth birthday. A member may retire after his sixty-fifth birthday except as otherwise provided in section ninety-seven B point forty-six (97B.46) * * *.

"Notwithstanding the provisions of this section and section ninety-seven B point forty-six (97B.46) of the Code, an employer may adopt policies which prescribe retirement at an age not less than sixty-five years."

III. The Commission maintains in its second assignment the trial court's conclusion plaintiff may not be compulsorily retired by the Commission which is based on its determination that Code section 70.2 is a special statute whereas section 97B.45 is a general statute is erroneous for one of the following reasons: (1) chapter 97B, The Code, is a special statute and thus prevails over the provisions of a general statute or (2) if it is determined both chapter 70 and chapter 97B are general the latter statute, as the latest legislative enactment, is controlling. The Commission in support of its position points out that this court has held chapter 70, The Code, is a general statute.

Peters, on the other hand, insists the issue is whether section 70.2 was impliedly repealed by sections 97B.45 and 97B.46 as amended.

The contentions of both parties proceed from the assumption there is a conflict between the statutes involved herein. That assumption is based upon a determination that retirement under the provisions of sections 97B.45 and 97B.46 is the equivalent of a section 70.6 "removal." At least one court has refused to equate the two terms. In *Geary v. Phillips,* 53 Misc.2d 337, 278 N.Y.S.2d 506, 509, the court said:

"The thrust of plaintiffs' argument appears to be that Section 4 of the challenged Local Law purports to provide for the *removal* of police officers of the Village in contravention of the Laws or Statutes of New York of general application which prevent such removals except for incompetency or misconduct, that is to say, that Local Law No. 3 in effect 'removes' plaintiffs from their Civil Service positions without a disciplinary hearing or trial, in violation of Section 891, of the Unconsolidated Laws. We are unable to agree with plaintiffs' contention. The language of Section 4 of Local Law No. 3 speaks unequivocally of *termination of employment* at age 62, and not of *'removal'* from the office. The whole act is concerned with retirement for age of police officers from service, at a certain age determined by the Board of Trustees in the public interest of the Village, and not with their removal for incompetency or misconduct. 'Retirement' does not constitute 'removal' within the meaning of Section 891 of the Unconsolidated Laws * * * [citing authority]." (Emphasis in original). See also *Coopersmith v. City and County of Denver,* 156 Colo. 469, 399 P.2d 943, 948; *Gardner v. Nation,* 522 P.2d 1281, 1283 (Wyo.1974); and authorities cited in these opinions.

It is at least questionable whether there is in fact a statutory conflict in the instant case. However, that issue need not be resolved here. In either event the trial court's conclusion was erroneous as a matter of law under the following analysis.

The Commission maintains chapter 70 is a general statute, relying heavily upon this court's opinion in *Andreano v. Gunter,* 252 Iowa 1330, 110 N.W.2d 649. Under well-settled principles of statutory construction sections 97B.45 and 97B.46 are therefore controlling herein no matter what statutory classification they are assigned. If they are determined to be special statutes they clearly prevail under the principle that special statutes override conflicting general statutes. *Llewellyn v. Iowa State Commerce Commission,* 200 N.W.2d 881, 884 (Iowa 1972); *Chicago, R. I. & P. R. Co. v. Iowa State Highway Com'n.,* 182 N.W.2d 160, 162 (Iowa 1970); *Andreano v. Gunter,* 252 Iowa at 1335, 110 N.W.2d at 651. If sections 97B.45 and 97B.46 are classified as general statutes they are likewise controlling in that they would be the most recently enacted of the conflicting statutes. *Llewellyn,* 200 N.W.2d at 884, and authorities cited therein.

Peters contends section 70.2 is a special statute in that it only applies to public employees preferred thereunder. On the other hand, sections 97B.45 and 97B.46 relate to all public employees and are therefore general statutes. Thus, it is argued section 70.2 prevails herein.

*Andreano v. Gunter,* supra, involved the conflicting removal provisions of sections 70.6 and 365.19, The Code, 1958. Following a historical survey of the two statutes the court said:

"We must start with the holding that chapter 70 is a general statute governing all appointments and removals to and from positions in the public service in Iowa; and chapter 365 is a special statute relating only to civil service appointments and removals in cities. * * * It is * * * well settled law that when a general and a special statute are in conflict and cannot be reconciled the special one prevails. * * * [citing authority].

"Nor do we think it can fairly be held that there is no conflict between sections 70.6 and 365.19. * * * The first statute says no one may be removed without notice and hearing; the second, special and later enacted, says anyone under civil service may be summarily discharged. Many persons under civil service will also have rights under the soldiers' preference law, as has the plaintiff here. This must have been understood by the legislature when it enacted and amended the present section 365.19; yet, although it would have been easy to say that section 365.19 did not apply to those qualified under the soldiers' preference law, it did not do so. * * * We are concerned with the intent of the legislature; but in determining such intent, we apply certain rules and one of these, well defined and often applied, is that a special statute takes precedence if the two cannot be reconciled. The only way in which these two statutes under consideration could be reconciled is by ignoring the plain language of the special one, section 365.19, and reading into it an exception which the legislature did not see fit to place there." 252 Iowa at 1335–1336, 110 N.W.2d at 651–652. See also *Richards v. Board of Control of State Institutions,* 170 N.W.2d 243, 245 (Iowa 1969), where this court recognized again that "Chapter 70, Soldiers Preference Law, is a general statute governing all appointments to and removals from positions in the public service in Iowa."

The *Andreano* analysis is dispositive of this appeal. Chapter 70 governs all appointments to and removals from public employment and is therefore a general statute. Sections 97B.45 and 97B.46 apply only to public employees covered by the Iowa Public Employees' Retirement System but no matter what type of statutes they are deemed to be they are controlling herein. In *Llewellyn,* 200 N.W.2d at 884, this court said:

" * * * When a general statute is in conflict with a specific statute, the latter generally prevails whether enacted before or after the general statute. * * * [citing authority]. And, in case of irreconcilable conflict between two statutes, the later one controls. * * * [citing authorities]."

The trial court's conclusion herein was erroneous as a matter of law. The Commission's actions in compulsorily retiring Peters pursuant to the provisions of sections 97B.45 and 97B.46 were not illegal within the meaning of rule 306, Rules of Civil Procedure.

This is not a dismissal based upon misconduct, incompetency or political affiliation, but retirement based upon age limitation.

In view of our determination of the issue considered in this division we deem it unnecessary to reach the questions presented by the Commission's third and fourth assignments.

In this connection we point out that in reaching our conclusion we have considered each of the contentions urged by Peters in support of the trial court's ruling and find none with merit.

The action of the trial court in sustaining the writ of certiorari issued in this matter and in issuing the order granting the injunction was erroneous.

The case is therefore Reversed.