**Clyde COUCH, Plaintiff–Appellant,**

**v.**

**Michael WILKINSON, et al.,**
**Defendants–Appellees.**

**No. 91–1178.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1991.

Decided Aug. 1, 1991.

Thomas J. McCann, Des Moines, Iowa, for plaintiff-appellant.

Gordon E. Allen, argued (Gordon E. Allen and Bonnie J. Campbell on brief), Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, RONEY *, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

RONEY, Senior Circuit Judge:

The issue in this case is whether the Iowa Veterans Preference Act, Chapter 70 of the Iowa Code (1991), gives an Armed Forces veteran, a state probationary employee, a sufficient expectation of continued employment upon which to base a 42 U.S.C. § 1983 claim of termination without due process. We hold that the statute does not give the plaintiff a property interest in his job, and affirm the district court's grant of summary judgment on that issue and dismissal of Couch's pendant state law claims of wrongful discharge.

Plaintiff Clyde Couch is an honorably discharged United States Armed Forces Veteran who was hired by Job Services of Iowa, a division of the Iowa Department of Employment Services, to serve as an interviewer assisting in the administration of a government program for veterans. He was discharged without a hearing within his six-month probationary period after a dispute arose between him and his supervisor. Couch subsequently requested a hearing and reminded the Division of his status as a veteran. The Division denied his request on the ground that Couch was a probationary employee who was terminable at will without right of appeal.

■ An employee must show a property interest in continued employment to assert a § 1983 claim for violation of constitutional due process. *Cleveland v. Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Property interests are not created by the Constitution, but are defined by state law. *Board of Regents v. Roth,* 408 U.S. 564,

577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1971). *See also, Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

■ Chapter 70 of the Iowa Code, the Iowa Veterans Preference Law, grants employed veterans a protected property interest in their public employment by guaranteeing that veterans will not be discharged except for incompetency or misconduct shown at a hearing prior to termination. Specifically, section 70.6 provides:

No person holding a public position by appointment or employment, and belonging to any of the classes of persons to whom a preference is herein granted, shall be removed from such position or employment *except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges,* and with the right of such employee or appointee to a review by a writ of certiorari or at such person's election, to judicial review in accordance with the terms of the Iowa administrative procedure Act if that is otherwise applicable to their case. (emphasis added)

The "classes of persons to whom a preference is herein granted" refers to honorably discharged veterans. *See* Iowa Code § 70.1 (1991).

Iowa Code section 19A.9(8) of Chapter 19A, which provides for a merit system of personnel administration for Iowa state employees, provides that the personnel commission established by that chapter shall adopt rules for a probationary period of six months for merit system employees. The commission has adopted such rules. *See* 581 Iowa Admin.Code §§ 9.1 and 9.2 (1990). Under the statute and rules, probationary employees may be discharged at the discretion of the appointing authority without right of appeal.

■ Thus, Iowa Code sections 19A.9(8) and 70.6 conflict where the probationary employee is an honorably discharged veteran within the meaning of the Veterans

---

* The HONORABLE PAUL H. RONEY, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

Preference law. The Iowa Supreme Court has recognized the well settled principle that when a general and a special statute are in conflict, it is the special statute that controls. *Peters v. Iowa Employment Sec. Comm'n*, 248 N.W.2d 92 (Iowa 1976). Iowa Code § 4.7 also provides: "If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision."

The Iowa Supreme Court has held that the Veterans Preference law is a general statute in relation to other statutes regulating public employment. *See Devine v. City of Des Moines*, 366 N.W.2d 580, 583 (Iowa 1985) (Iowa Code §§ 400.18 and 400.27 prevail over Iowa Code § 70.6); *Peters v. Iowa Employment Sec. Comm'n*, 248 N.W.2d 92, 95–96 (Iowa 1976) (Iowa Code §§ 97B.45 and 97B.46 prevail over Iowa Code ch. 70); *Andreano v. Gunter*, 252 Iowa 1330, 1335–36, 110 N.W.2d 649, 651–52 (1961) (Iowa Code § 365.19 (1958) prevails over Iowa Code § 70.6). *See also Richards v. Board of Control of State Inst.*, 170 N.W.2d 243, 245 (Iowa 1969) (chapter 70 is a general statute). Specifically, the Iowa Supreme Court has held that "... chapter 70 is a general statute governing all appointments and removals to and from positions of public service in Iowa ..." *Id.* at 96 (citing *Andreano v. Gunter*, 252 Iowa 1330, 1335, 110 N.W.2d 649, 651 (1961)).

Conversely, section 19A.9(8) is a special and later enacted statute limited to the first six months of employment. In *Andreano v. Gunter*, 252 Iowa 1330, 110 N.W.2d 649 (1961), the Iowa Supreme Court faced a similar dilemma when it construed the Iowa Veterans Preference Law and an overlapping civil service statute. The following portion of the *Andreano* court's statutory analysis is instructive:

> The first statute says that no one may be removed without notice and hearing (referring to the Veterans Preference statute); the second, special and later enacted, says anyone under civil service may be summarily discharged. Many persons under civil service will also have rights under the soldiers preference law, as has the plaintiff here. This must have been understood by the legislature when it enacted and amended the present section 365.19; yet, although it would have been easy to say that section 365.19 did not apply to those qualified under the soldiers preference law, it did not do so. *Id.* at 1335–36 and 110 N.W.2d at 651–52.

■ Based on this analysis that the special statute controls, the district court held that a probationary employee may be discharged under Iowa law at the discretion of the appointing authority, even if the employee is a veteran within the scope of the Veterans Preference law.

Couch contends that the district court's interpretation of the two statutes ignores the legislative intent and makes the Veterans Preference Law meaningless. *See Baldwin v. City of Waterloo*, 372 N.W.2d 486, 491 (Iowa 1985). State legislatures are presumed to know the state of pre-existing law when they enact later law. *See Hines v. Illinois Central Gulf Railroad*, 330 N.W.2d 284, 288–89 (Iowa 1983). When the Iowa legislature enacted § 19A.9(8) in 1967, it was aware of the existence of the Veterans Preference Law enacted in 1904. Iowa Code § 4.8 provides in part: "If statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment by the general assembly prevails." In this instance, the later and more precise expression of legislative intent is that veterans who serve as public employees are protected only after completion of a six-month probationary period. *See Vislisel v. University of Iowa*, 445 N.W.2d 771, 772–74 (Iowa 1989).

Since plaintiff had no legitimate expectation of continued employment because he was a probationary employee, his discharge did not deprive him of any property interest protected by the due process clause of the Constitution.

AFFIRMED.