Steve **RINARD**, Appellant,

v.

**POLK COUNTY, Iowa; Jerry Youngs;
Lee Dallager; Bob Rice,
Appellees.**

No. 93–410.

Supreme Court of Iowa.

May 25, 1994.

Frederick W. James and Michael J. Carroll of Dwight W. James & Associates, P.C., Des Moines, for appellant.

John Sarcone, County Atty., and Mary W. Vavroch, Asst. County Atty., for appellees.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

CARTER, Justice.

Steve Rinard, an applicant for a deputy sheriff's position in Polk County, appeals from an adverse judgment in an action based on 42 U.S.C. § 1983. This action alleged a lack of due process in the certification of candidates by the Civil Service Commission. The district court granted summary judgment for defendants after concluding that plaintiff failed to demonstrate that a protected property interest, sufficient to trigger Fourteenth Amendment protections, had been infringed upon by the challenged actions. After hearing the arguments presented, we agree with that conclusion and affirm the judgment of the district court.

Steve Rinard has applied for the position of deputy sheriff in Polk County on four separate occasions since 1986. Rinard first applied with the Polk County Civil Service Commission in 1986. He completed the physical and mental examinations and went through the interview process. Rinard was placed on the certified list that was given to the sheriff, but he declined a position that was offered to him. Rinard's second application, in January 1989, was unsuccessful due to his inability to meet certain medical requirements. In September 1989, Rinard applied for a third time. He completed the physical and mental examinations, but failed to attend the personal interview.

Rinard's fourth and final application was made in April 1990. Rinard completed the physical and mental examinations. He, along with thirteen or fourteen other applicants, was competing to be placed on the list of ten certified applicants from which the sheriff would select deputy sheriffs. Rinard was given a five-minute interview, during which no questions were asked regarding his prior law enforcement experience or about his previous applications for a deputy sheriff position. Rinard was not placed on the certification list. The commissioners have stated in affidavits and answers to interrogatories that their reasons for not certifying Rinard were based on his past behavior in the hiring process and his behavior with the Des Moines Police Department. They asserted their belief that, through this behavior, Rinard demonstrated himself to be unreliable

and undependable, and therefore less qualified than the other applicants. Rinard claims that the real reason the commission acted as it did was pressure exerted by the sheriff to have Rinard's name left off the list.

Rinard timely filed a complaint with the Iowa Civil Rights Commission and with the Equal Employment Opportunity Commission, claiming age and sex discrimination. These claims were investigated, the files were closed, and on May 12, 1992, a right-to-sue letter was issued by the Iowa Civil Rights Commission. Rinard then filed this suit under 42 U.S.C. § 1983 against Polk County Civil Service Commissioners Jerry Youngs and Lee Dallager, Polk County Sheriff Bob E. Rice, and Polk County on claims of due process violations and breach of implied contract. Rinard amended his complaint to allege age discrimination and wrongful interference with prospective advantage. The defendants' motion for summary judgment was granted by the district court. That ruling was primarily based on that court's conclusion that a protected property interest had not been infringed upon. After the summary judgment disposing of the claims brought under 42 U.S.C. § 1983, Rinard dismissed the remaining claims and filed this appeal.

Appellant challenges the district court's conclusion that no protected property interest has been demonstrated. He bases this challenge primarily on language from *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), which indicates that a property interest protected by the Fourteenth Amendment may arise from state statutory law or state institutional policies that secure an interest in employment or otherwise create a legitimate claim to employment. *See id.* at 578, 92 S.Ct. at 2710, 33 L.Ed.2d at 561. The actual holding in the *Roth* case went against recognition of a protected property interest in connection with the employment status of a nontenured state university faculty member.

The *Roth* court evaluated the Fourteenth Amendment's procedural protection of property as follows:

> The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits. These interests—property interests—may take many forms.

*Id.* at 576, 92 S.Ct. at 2708, 33 L.Ed.2d at 560. To have a property interest under this test, a person must have more than an expectation that an employment interest will develop—a legitimate claim of entitlement must be demonstrated. *Couch v. Wilkinson*, 939 F.2d 673, 675 (8th Cir.1991); *City of Clinton v. Loeffelholz*, 448 N.W.2d 308, 311 (Iowa 1989).

In focusing on appellant's expectancy in the present case, we are unable to discern any more entitlement, vis-a-vis employment, than was present in regard to the plaintiff in *Roth*. To the extent that *Roth* suggests that the result of that case might be otherwise if some state statute or institutional policy had provided the required entitlement, it spoke of entitlement to employment, not to entitlement to consideration for employment. *See Roth*, 408 U.S. at 578, 92 S.Ct. at 2710, 33 L.Ed.2d at 562. We do not perceive Iowa Code sections 341A.6, 341A.7, and 341A.8 (1991), or commission policies relied on by Rinard as creating an entitlement to employment under any stated circumstances.

A claim that the makeup of a list of eligible candidates for civil service employment was a protected Fourteenth Amendment property interest was rejected in *Vruno v. Schwarzwalder*, 600 F.2d 124 (8th Cir.1979). The claimant in that case also urged that the necessary entitlement was to be found in the state statutes establishing the procedures for certification. The court in *Vruno* rejected that contention after concluding that "[t]he simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension." *Id.* at 130–31 (quoting *Slotnick v. Staviskey*, 560 F.2d 31, 34 (1st Cir.1977)). The *Vruno* decision, as applied to certification of public employment eligibility lists, was reaffirmed by the eighth circuit in *LaGrange v. City of Minneapolis*, 645 F.2d 615 (8th Cir.1981).

Appellant has failed to demonstrate any controlling authority that would establish that the district court was not correct in

concluding that no protected property interest has been demonstrated. The judgment of the district court is affirmed.

AFFIRMED.