Ron MESSAMAKER, Appellee,

v.

**IOWA DEPARTMENT OF HUMAN SERVICES, Appellant.**

No. 95–131.

Supreme Court of Iowa.

March 20, 1996.

Thomas J. Miller, Attorney General, Gordon E. Allen, Deputy Attorney General, and Barbara E.B. Galloway, Assistant Attorney General, for appellant.

David S. Gorham of Hopkins & Huebner, P.C., Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and ANDREASEN, JJ.

CARTER, Justice.

The Iowa Department of Human Services, which is the local administrator of a federal disaster relief and emergency assistance program (FEMA program), appeals

from an order reversing its denial of disaster relief benefits to Ron Messamaker, a victim of the 1993 flooding disaster. The district court concluded that the agency had improperly denied the applicant's request for a contested case adjudication in the determination of his application. It remanded the case to the agency for the implementation of that procedure. Because we do not agree that Messamaker was entitled to a contested case adjudication of his application, we reverse the order of the district court.

The controversy concerns flood damage to a mobile home owned by Messamaker. Whether this loss entitled him to disaster relief benefits under the FEMA program depended on whether the mobile home was his primary residence.[1] Because investigation by federal and state officials administering this program led them to believe that it was not his primary residence, his application was denied. Messamaker challenged that conclusion and requested that the dispute be resolved by a contested case hearing procedure in accordance with Iowa Code section 17A.2(5) (1995).

Messamaker's request for a contested case hearing was denied. He was notified that any appeal on his part would be heard administratively by a three-member board reviewing written records. He was advised that he could submit in writing any further information that he wanted that board to consider in connection with his claim. Messamaker submitted no additional written information to the agency and sought judicial review of its refusal to grant him a contested case hearing.

The Individual and Family Grant Program is established by the Robert T. Stafford Disaster Relief and Emergency Assistance Act, § 411, Pub.L. No. 100–707 §§ 102, 106, 102 Stat. 4689, 4704–05 (1988) (codified, as amended, at 42 U.S.C. § 5178). The federal regulations governing a state's implementation of this program are found in 44 C.F.R. § 206.131 (1994). This program is funded by both state and federal funds. 42 U.S.C. § 5178(b).

The governor of each state is empowered to administer the programs established under this legislation. 42 U.S.C. § 5178a. In Iowa, this responsibility has been delegated to the Iowa Department of Human Services. Federal law has attempted to set some requirements for review of state eligibility decisions under this legislation. It is provided in 42 U.S.C. § 5189a that:

(a) Any decision regarding eligibility for, from, or amount of assistance under this subchapter may be appealed within 60 days after the date on which the applicant for such assistance is notified of the award or denial of award of such assistance.

. . . .

(c) The President shall issue rules which provide for the fair and impartial consideration of appeals under this section.

Rules issued under the authority of subparagraph c above include 44 C.F.R. § 206.131(e)(1)(ii)(H) (1994), which provides:

(H) Processing applicant appeals, recognizing that the State has final authority. Such procedures must provide for:

(1) The receipt of oral *or* written evidence from the appellate [sic] or representative;

(2) A determination on the record; and

(3) A decision by an impartial person or board.

(Emphasis added.)

The Iowa Administrative Procedure Act defines "contested case" to mean:

[A] proceeding including but not restricted to rate making, price fixing, and licensing in which the legal rights, duties or privileges of a party are required by constitution or statute to be determined by an agency after an opportunity for an evidentiary hearing.

Iowa Code § 17A.2(5) (1995). The parties concede that a hearing is required by statute pursuant to this clause if it is mandated by federal statute or a regulation promulgated in accordance with a federal statute. The district court interpreted the language of 44 C.F.R. § 206.131(e)(1)(ii)(H) as mandating an evidentiary hearing. The decision of the dis-

---

1. This category of assistance includes cash grants to repair, replace, or rebuild homes (including mobile homes), which are primary residences. 44 C.F.R. § 206.131(d)(2)(i).

trict court was premised on the conclusion that a determination "on the record" necessarily implies a record made by means of a formal adjudication process. We are unable to accept that premise.

 The salient feature of a review on the record is that the court should act on a record in existence, not some new record made in the reviewing forum. *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 743, 105 S.Ct. 1598, 1607, 84 L.Ed.2d 643, 655–56 (1985); *Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106, 111 (1973). The Supreme Court has determined under federal administrative law, with which the Congress is familiar, that judicial review "on the record" is a phrase that may extend to either formal or informal adjudication. *Florida Power & Light Co.,* 470 U.S. at 744, 105 S.Ct. at 1607, 84 L.Ed.2d at 656–57. We believe that the president, in promulgating the regulation at issue here, chose to leave to the individual states the determination of what type of initial hearing process would be utilized in FEMA appeals subject to the limitation that judicial review would be on the record, written or oral, made before the agency.

An expressed goal of the Iowa Administrative Procedure Act has been to allow for differing needs in agency adjudications. Arthur Bonfield, *The Definition of Formal Agency Adjudication,* 63 Iowa L.Rev. 285, 303 (1977). Thus, section 17A.2(5) does not require an agency to utilize a formal adjudication procedure absent a statutory or constitutional requirement that this be done. There is no state statutory requirement for a formal adjudicatory process of FEMA claims. Moreover, for reasons we have previously stated, we conclude that there is also no federal statute or regulation that mandates a formal adjudication process of FEMA applications.

 As a final matter, we reject any suggestion that there was a constitutional basis for requiring a contested case hearing in determining Messamaker's application. To determine the necessity of an evidentiary hearing on constitutional grounds, we look to the due process clauses of the Fourteenth Amendment to the United States Constitu-

tion or to article I, section 9 of the Iowa Constitution. *Sindlinger v. Iowa State Bd. of Regents,* 503 N.W.2d 387, 390 (Iowa 1993). The procedural protections of both the federal and Iowa constitutions are a safeguard to secure interests that a person has already acquired in specific benefits. *Board of Regents v. Roth,* 408 U.S. 564, 576, 92 S.Ct. 2701, 2708–09, 33 L.Ed.2d 548, 560 (1972); *Rinard v. Polk County,* 516 N.W.2d 822, 823 (Iowa 1994). We are convinced that Messamaker's entitlement to FEMA benefits in the present case is not the type of expectation that will support a claimed deprivation of procedural due process so as to demand a contested case hearing pursuant to section 17A.2(5).

We have considered all issues presented and conclude that the judgment of the district court must be reversed.

**REVERSED.**