Don L. **KILPATRICK** and Plastic Engineering & Sales Corporation, Appellants,

v.

**STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS,** Appellee.

No. 18347.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 31, 1980.

Rehearing Denied Jan. 29, 1981.

Donald E. Kilpatrick, Houston, for appellants.

Mark White, Atty. Gen. of Texas, and Robert W. Gauss, Asst. Atty. Gen., Austin, for appellee.

## OPINION

HUGHES, Justice.

Don L. Kilpatrick and Plastic Engineering and Sales Corporation have appealed the summary judgment rendered against them in favor of the State Board of Registration for Professional Engineers.

We affirm.

This is a case involving an application of Tex.Rev.Civ.Stat.Ann. art. 3271a(18) (1968). The State Board of Registration for Professional Engineers (Board) sought a permanent injunction of the use by Don L. Kilpatrick and Plastic Engineering and Sales Corporation (Defendants) of any denomination (such as Plastic Engineering and Sales Corporation) in any manner whatsoever which tends or is likely to create the impression with the public or any member thereof that the Defendants or their business are qualified or authorized to practice engineering. The trial court rendered summary judgment in favor of the Board and Defendants have appealed.

By Acts 1965, 59th Leg., p. 207, ch. 85, sec. 6 the Texas Legislature amended sec. 18 of Acts 1937, 45th Leg., p. 816, ch. 404 (known as the Texas Engineering Practice Act; codified as Tex.Rev.Civ.Stat.Ann. Title 52A, art. 3271a (1968), to read as follows:

"Sec. 18. No firm, partnership, association, corporation or other business entity shall hold itself out to the public or any member thereof as being engaged in the practice of engineering under any assumed, trade, business, partnership or corporate name or employ, use, cause to be used or make use of in any manner whatsoever any such words or terms as 'engineer,' 'engineering,' 'engineering services,' 'engineering company,' 'engineering, inc.,' 'professional engineers,' 'licensed engineer,' 'registered engineer,' 'licensed professional engineer,' 'registered professional engineer,' 'engineered,' or any combinations, abbreviations or variations thereof, or in combination with any other words, letters, initials, signs or symbols on, in or as a part of, directly or indirectly, any sign, directory, listing, contract, document, pamphlet, stationery, letterhead, advertisement, signature, trade name, assumed name, corporate or other business name unless such firm, partnership, association, corporation or other business entity is actually and actively engaged in the practice of engineering or offering engineering services to the public, and any and all services, work, acts or things performed or done by it which constitute any part of the practice of engineering are either personally performed or done by a registered engineer or under the responsible supervision of a registered engineer."

In stating its intent, purpose and mandate the legislature, in Sec. 1.1 of the Act, provided:

"Sec. 1.1. In recognition of the vital impact which the rapid advance of knowledge of the mathematical, physical and engineering sciences as applied in the practice of engineering is having upon the lives, property, economy and security of our people and the national defense, it is the intent of the Legislature, in order to protect the public health, safety and welfare, that the privilege of practicing engineering be entrusted only to those persons duly licensed, registered and practicing under the provisions of this Act and that there be strict compliance with and enforcement of all the provisions of this Act, and, in order that the state and members of the public may be able to identify those duly authorized to practice engineering in this state and fix responsibility for work done or services or acts performed in the practice of engineering, only licensed and registered persons shall practice, offer or attempt to practice engineering or call themselves or be otherwise designated as any kind of an 'engineer' or in any manner make use of the term 'engineer' as a professional, business or commercial identification, title, name, representation, claim or asset, and all the provisions of this Act shall be liberally construed and applied to carry out such legislative intent. In furtherance of such intent and purpose of the Legislature, the practice of engineering is hereby declared a learned profession to be practiced and regulated as such, and its practitioners in this state shall be held accountable to the state and members of the public by high professional standards in keeping with the ethics and practices of the other learned professions in this state. There is specifically reserved to graduates of all public universities recognized by the American Association of Colleges and Universities the right to disclose any college degrees received by such individual and use the word Graduate Engineer on his stationery, business cards, and personal communications of any character."

The corporate-defendant has been conducted as "Plastic Engineering and Sales Corporation" since 1946. In 1966 Don L. Kilpatrick (the individual-defendant) purchased the corporation and in doing so contracted for use of the corporate name. The purpose clause in the corporate-defendant's articles of incorporation is: "To transact any manufacturing business and to purchase and sell goods, wares, and merchandise used for such business." The business had been continuously conducted under the name "Plastic Engineering and Sales Corporation" until the time of suit.

The Board brought action to permanently enjoin the Defendants from violating the Engineering Practice Act alleging that Defendants continued to practice engineering and "hold out" that they are qualified or authorized to practice engineering. Defendants answered with a general denial.

In response to the Board's request for admissions the Defendants admitted:

1. Defendants' business is the business conducted under the name of "Plastic Engineering and Sales Corporation; "

2. Defendant carries on business in Tarrant County under the name of "Plastic Engineering and Sales Corporation; "

3. The corporate-defendant is incorporated under the laws of Texas;

4. The business name "Plastic Engineering and Sales Corporation" is:

    a. listed in the most recently published Fort Worth telephone directory; b. printed on the business stationery;

5. Defendants' business is manufacturer of containers and other plastic products;

6. Defendant has no principal, executive officer or regular full-time employee who is registered and licensed to practice engineering;

7. Defendant has received communications from the Board informing Defendant that the use of the term Engineers, Engineering, or any derivation thereof in its business name is a violation of the Texas Engineering Practice Act and asking it to cease and desist using any of these terms in it;

8. Defendant intends to continue the use of the name "Plastic Engineering and Sales Corporation;"

9. Defendant enters into contracts with other persons under the name "Plastic Engineering and Sales Corporation."

Defendants deny that:

1. Defendant performs *no* service or creative work which requires the application of engineering principles and the interpretation of engineering data, and which may include consultation, investigation, evaluation, planning, designing, or responsible supervision of consultation in connection with any public or private utilities, structures, buildings, machines, equipment, processes, works or projects wherein the public welfare, or the safeguarding of life, health and property is concerned or involved;

2. Defendant performs *no* engineering services for which he hires or otherwise engages a Registered Professional Engineer through any arrangement on a part-time as-needed basis for professional consultation and/or certification by his seal or signature;

3. Defendant does *not* do any engineering work or perform any engineering services.

The Board moved for summary judgment based upon the verified pleadings, an affidavit attached to the motion and the admissions filed by the Defendants which, the Board contended, established there are no disputed issues of fact.

In opposition to the motion for summary judgment Defendants asserted that: Plastic Engineering and Sales Corporation has been in business continuously since 1946; the Engineering Practice Act has no retroactive application; the fact that the business has been conducted since 1946 creates a custom, usage or habit and is an issue for the jury; a fact issue exists as to the stance the Attorney General is taking as to the application of the Act under circumstances similar to those in the instant case. (We note here that the Attorney General Opinion relied upon by Defendants was rendered before the amendment to sec. 18 of the Texas Engineering Practice Act.)

By way of a motion to quash and special exceptions to the Board's motion for summary judgment and petition, Defendants plead that the Board's motion and petition were in general terms and do not give fair notice as to what was done or left undone. Defendants also specially excepted to the affidavit attached to the motion for summary judgment moving that it be quashed in that the requirements of Tex.R.Civ.P. 166–A(e) were not met insofar as a showing of the affiant's personal knowledge, admissibility of facts into evidence and affiant's competency to testify were concerned. They further asserted that the affidavit was worded in terms of hearsay and conclusions.

Defendants' second point of error asserts that the trial court judgment is incorrect because sec. 18 of art. 3271a is contrary to and in violation of the constitutions of the State of Texas and the United States, respectively, for the reason that the same amounts to an unreasonable exercise of police power.

Defendants' third point of error asserts that the trial court judgment is incorrect because the enforcement of sec. 18 of art. 3271a against Defendants would amount to an impairment of an obligation of contract under the constitutions of the State of Texas and of the United States.

Defendants' fourth point of error asserts that the judgment of the trial court is incorrect because the enforcement of sec. 18 of art. 3271a against Defendants would be in violation of the Texas Constitution since the effect of such enforcement would be retroactive.

In *State Bd. of Reg. for Pro. Eng. v. Wichita Eng. Co.*, 504 S.W.2d 606, 609 (Tex. Civ.App.—Fort Worth 1973, writ ref'd n.r. e.), this court upheld sec. 18 of the Act as a valid exercise of the State's police power.

Wichita Engineering Company was a Texas business corporation chartered in 1937 which had nothing to do with the practice of engineering and openly admitting that it was in violation of the Texas

Engineering Practice Act and that it intended to continue violation unless enjoined. Wichita Engineering proffered the same three constitutional arguments urged by Defendants in the instant case.

Defendants in the instant case admittedly practice engineering (although this is not the purpose for which the corporation was chartered.) The problem addressed by the legislature is committed by the Defendants in their use of the name Plastic Engineering and Sales and their practice of engineering, despite the fact that they are not qualified under the Act.

■ As we stated in *Wichita Engineering Company* at 609:

"[T]he use by a company or corporation of the word 'engineering' in its name constitutes a representation or holding out to the public that the company or corporation is *legally qualified to engage in the practice of engineering....*" (Emphasis ours.)

We further held in *Wichita Engineering Company* at 608, citing *El Paso v. Simmons*, 379 U.S. 497, 85 S.Ct. 577, 13 L.Ed.2d 446 (1965, reh. den.), that:

"The constitutional rules against impairing contracts and retroactive laws are not absolute and must yield to a state's right to safeguard the public safety and welfare."

■ It should also be pointed out that art. 9.12 of the Texas Business Corporation Act, enacted before the corporate-defendant was chartered, reserves to the legislature the right to continually regulate all business corporations and therefore Defendants have no vested right to use of their corporate name which is protected form retroactive laws.

In following precedent we overrule Defendants' points of error numbered two, three and four.

Defendants' first point of error asserts generally that: "The trial court erred in granting appellee's motion for summary judgment."

Defendants first allege that the Board's pleadings seeking the permanent injunction are not sufficiently specific as to acts done and the resulting injury.

■ "Special exceptions to pleadings that are not called to the attention of the trial court and on which the record does not show the trial court acted are waived." *Rio Grande Valley Sugar Growers v. Campesi*, 580 S.W.2d 850, 862 (Tex.Civ.App.—Corpus Christi 1979, rev'd on other grounds, 592 S.W.2d 340); *Swinford v. Allied Finance Company of Casa View*, 424 S.W.2d 298 (Tex.Civ.App.—Dallas 1968, dism'd 393 U.S. 923, 89 S.Ct. 253, 21 L.Ed.2d 259). The final judgment contains the only indication of the ruling of the trial court, if any, as to the defendants' special exceptions: "[T]he Court having examined the pleadings on file and having found that the pleadings were in order, proceeded to hear and determine such Motion." We hold that this recitation does not constitute a ruling on the special exceptions for it is much too nebulous to be considered such. "A trial court's ruling on the sufficiency of the pleadings should be shown by a separate order or encompassed in the judgment and entered on the minutes." *Rio Grande Valley Sugar Growers v. Campesi, supra*, at 862.

Defendants' only other argument under the first point alleges that the affidavit attached to the Board's motion for summary judgment is deficient in that it was not made on personal knowledge and is worded in terms of hearsay and conclusions. In its final judgment the trial court states:

"The Court is of the opinion that the *admissions* on file establish that there are no disputed material fact issues and that the Defendants are in violation of Article 3271a V.T.C.S., the Engineering Practice Act...." (Emphasis ours.)

Nowhere in the judgment is it mentioned that the trial court considered the affidavit to the Board's motion for summary judgment. (Defendants do not challenge the reliance of the trial court on the answers to the request for admissions.)

■ There is no requirement under Tex. R.Civ.P. 166–A making affidavits indispensible to rendition of summary judgment.

Motions for summary judgment may be made with or without supporting affidavits. The affidavit being unnecessary, we do not consider Defendants' contentions.

Defendants have not brought forth, by way of argument in their brief, the existence of fact issues in relation to their first point of error. Defendants' point of error number one is overruled.

We hold that the Board is entitled to judgment as a matter of law, there being no genuine issues of material fact presented.

The judgment of the trial court is affirmed.