**MISSOURI BOARD FOR ARCHITECTS PROFESSIONAL ENGINEERS AND LAND SURVEYORS, Appellant,**

v.

**EARTH RESOURCES ENGINEERING, INC., Respondent.**

**No. WD 43661.**

Missouri Court of Appeals, Western District.

Oct. 1, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 26, 1991.

Application to Transfer Denied Jan. 28, 1992.

---

William L. Webster, Atty. Gen., Curtis F. Thompson, Kara L. Johnson, Asst. Attys. Gen., Jefferson City, for appellant.

Garry L. Lewis, Columbia, for respondent.

Before BERREY, P.J., and ULRICH and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

Missouri Board for Architects, Professional Engineers and Land Surveyors (Board) appeals from the dismissal of its petition seeking injunctive relief against respondent, Earth Resources Engineering, Inc., (ERE). Judgment reversed and remanded.

The Board presents three (3) points on appeal contending the trial court erred in granting ERE's motions for summary judgment and dismissal because: (1) use of the word "engineering" in ERE's corporate name is a per se violation of § 327.191, RSMo 1986 [1]; (2) the use of the word "engineering" in ERE's corporate name implies or indicates a holding out to the public that professional engineering services are offered by ERE in violation of § 327.191 as a matter of law under the evidence before the summary judgment court; and (3) the Board's petition alleges sufficient facts to establish a violation of § 327.191, and, from the record, genuine issues of material fact exist precluding summary judgment.

■ Upon review of a dismissal of the petition for failure to state a claim, this court is required to construe the petition favorably and give the pleader the benefit of every reasonable and fair intendment and all inferences fairly deducible from the facts alleged; and if pleader's allegations involve principles of substantive law which may entitle it to relief, the petition is not to be dismissed. *Y.G. v. Jewish Hosp. of St. Louis*, 795 S.W.2d 488, 494 (Mo.App.1990). Although not presented on appeal by the parties, this court finds it necessary to determine if the trial court's order is dismissing the petition on the pleadings only, or if the trial court treated the "Motion to Dismiss for Failure to State a Claim and for Summary Judgment" as a motion for summary judgment.

■ Under Rule 55.27(b), "[i]f on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 74.04." *Lee v. Osage Ridge Winery*, 727 S.W.2d 218, 224 (Mo.App.1987). Pursuant to Rule 74.04, the trial court makes its determination from the pleadings, depositions, answers to interrogatories, admissions on file and affidavits filed in support of or in opposition to the motion for summary judgment. Here, since the motions to dismiss and for summary judgment have been combined, and all pertinent materials (i.e. depositions, affidavits, etc.) were presented to the trial court, this court reviews the trial court's order under a summary judgment standard of review.

■ When reviewing a ruling on a motion for summary judgment, an appellate court must scrutinize the record in the light most favorable to the party against whom the motion was filed, according to that party all reasonable inferences which may be drawn from the evidence. *Gast v. Ebert*, 739 S.W.2d 545, 546 (Mo. banc 1987) (citations omitted).

The facts necessary to disposition of this appeal are as follows:

Earth Resources Engineering, Inc., is a Missouri corporation first incorporated in 1979 and reincorporated in 1983. ERE is not and has never been authorized to practice professional engineering in the State of Missouri. The Board filed suit on December 23, 1988, seeking injunctive relief to prohibit ERE from engaging in the unauthorized practice of engineering in violation of § 327.191. The Board pleaded that use of the word "engineering" in the corporate name is a violation of § 327.191. ERE filed its motion to dismiss and for summary judgment, alleging it had never conducted or offered to conduct the activities prescribed by the statute, nor had it implied by the use of the word "engineer" in its corporate name that it conducted such activities.

---

1. All statutory references are to RSMo 1986, unless otherwise noted.

The Board filed three affidavits in opposition to the motion for summary judgment, two from George M. Montgomery and one from Larry L. Hendren. Both affiants are licensed professional engineers who notified the Board that Earth Resources Engineering, Inc., was utilizing said corporate name. Each affiant further states the opinion that the use of the word "engineering" in the corporate name indicates or implies to the public that the corporation is willing or able to practice professional engineering. Affiant Larry Hendren states that he has observed residential designs submitted on behalf of ERE.

ERE filed five affidavits in support of its motion for summary judgment. Two affiants, the corporate president and corporate secretary, stated that the corporation had never had any requests to provide professional engineering services. ERE's business is that of construction, real estate development, and real estate ownership. It is a purchaser of raw land which it develops for commercial use, such as shopping centers. It also engages in farming on undeveloped land. Projects of ERE include Village South Condominiums and office buildings, all located in Columbia, Missouri. Numerous subcontractors have been involved from time to time. Clients of ERE have included the University of Missouri Hospital and Clinics and the general public as purchasers. ERE conducts sales and leasing through a realty company in Columbia.

ERE amended its Articles of Incorporation to specify its named purposes, including "all other legal acts permitted general and business corporations but not including the work or practice of 'Professional Engineers' as defined in RSMo 321.181 [sic], nor of surveyors or architects." The amendment was made after this lawsuit was commenced. In the course of its business, ERE has utilized the services of professional engineers. Affidavits from two professional engineers were filed stating that they have provided professional engineering services for and on behalf of either ERE or its president, specifically architectural services and residential designs. The trial court sustained ERE's motion to dismiss and for summary judgment. This timely appeal followed.

The Board first contends that the use of the word "engineering" in ERE's corporate title is a per se violation of § 327.191. That section, in pertinent part, provides:

**327.191. Unauthorized practice prohibited, persons excepted.**—No person shall practice as a professional engineer in Missouri, as defined in section 327.181 unless and until there is issued to him a certificate of registration or a certificate of authority certifying that he has been duly registered as a professional engineer or authorized to practice engineering in Missouri. . . .

Section 327.181 defines practice as a professional engineer to include the use by any person of the word "engineer" alone or preceded by any word, or the use of any other word or words, "indicating or implying that such a person is a professional engineer or is willing or able to practice engineering." The provisions of Chapter 327 are made applicable to corporations as well as natural persons. Sections 327.-011(6) and 327.401.2.

 The primary rule of statutory construction is to ascertain the legislative intent of the statute from the language used, to give effect to that intent whenever possible, and to consider the words as defined by their plain and ordinary meaning, unless otherwise defined by statute. *Wolff Shoe Company v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988). When the terms used in the statute are plain and clear to a person of ordinary intelligence, they are deemed clear and unambiguous. *Id.*

 The specific language of § 327.181, in relevant part, is as follows:

**327.181. Practice as professional engineer defined.**—Any person practices in Missouri as a professional engineer . . . who uses . . . the word "engineer" alone or preceded by any word indicating or implying that such person is or holds himself out to be a professional engineer, or who shall use any word or words, letters, figures, degrees, titles or other

description indicating or implying that such person is a professional engineer or is willing or able to practice engineering.

The purpose of licensing laws is to protect the public and to ensure that the public is not being confused or misled by persons who are not licensed. The Board argues that the mere usage of the word "engineering" in a corporate name is a per se violation of § 327.191.

To adopt that position the court would have to determine that the word "engineering" denotes "professional engineering". However, the term "engineer" has widespread usage other than in reference to a "professional engineer". As stated by the Ohio Supreme Court in *Ohio Society of Professional Engineers v. Hulslander*, 86 Ohio App. 497, 89 N.E.2d 119, 122 (1949):

> "[T]he term 'engineering' ... is a generic term covering many phases of human activity which does not come within the classification of 'professional engineering' as defined by the statute."

Engineer is synonymous with such terms as conductor, driver, handler, operator, and pilot. A complete restriction of the use of the words "engineer" and "engineering", without more, would be an overly broad interpretation of the plain language of the statute, far exceeding the intent of the legislature. Thus, the use of the word "engineering" in ERE's corporate name is not a per se violation of the statute.

■ In Point II, the Board argues that use of the word "engineering" in ERE's corporate name implies or holds out to the public that the company performs professional engineering services as a matter of law under the evidence presented to the court. In Point III, the Board argues that if the use of the word "engineering" in ERE's corporate name is not a violation of the statute as a matter of law, then from the record a genuine issue of material fact exists as to whether a violation of § 327.-191 has occurred. The following analysis is pertinent to both points on appeal.

There are alternative methods of practicing professional engineering as defined by § 327.181. By one method, a person practices professional engineering by rendering, offering to render, or holding himself out as willing or able to render services which require engineering education, training and experience. There is no evidence that ERE engaged in such conduct, nor is there any allegation in the pleadings of the Board or other assertions by the Board that ERE engaged in such conduct. Therefore, this issue was not before the court when ruling on the motion for summary judgment.

The second method of practicing engineering is by the use of language or figures indicating or implying that such person holds himself out to be a professional engineer or is willing or able to practice professional engineering. In the case at bar, the Board's allegations are that ERE engaged in the unauthorized practice of professional engineering by utilizing the word "engineering" in conjunction with "earth resources" in its corporate name to indicate or imply that ERE is willing or able to practice professional engineering in its real estate development business.

■ The terms "indicating" and "implying" do not appear in the statutory provisions outlining the first method of practice as a professional engineer. These terms, however, do appear in the statutory provision regarding the use of language or figures to designate a person as a professional engineer. The fact that such terms are excluded from the definition of one method and included in the definition of the other method is evidence of statutory intent, and leads to the conclusion that the usage of the terms was by clear statutory design. While it is presumed that every word, clause, sentence and provision of a statute was intended by the legislature to have effect and be operative, it will not be presumed that the legislature inserted idle verbiage or superfluous language in a statute. *State ex rel. Ashcroft v. Sedalia*, 629 S.W.2d 578, 583 (Mo.App.1981).

The terms "indicate" and "imply" are not defined by statute. One turns, therefore, to their common usage to ascertain their clear and unambiguous meaning. Webster's Third New International Dictionary lists many definitions for "indicate" and

"imply." The definitions of "imply" include: "to indicate or call for recognition of as existent ... by logical inference or association ...; or to convey or communicate not by direct forthright statement but by allusion or reference likely to lead to natural inference; suggestion or hint." Webster's Third New International Dictionary 1135 (1981). "Indicate" can mean "to give evidence of, or serve as a ground for, a valid or reasonable inference or an action validated by the inference. [Indicate stresses] a general, [usually] unspecified connection between subject and object...." Webster's Third New International Dictionary 1150 (1981). Both terms mean the communication of an idea by inference and, as such, are abstract or intangible principles involving the state of mind of some person.

In giving effect to this language, the Board would not have the burden of proving an actual mistaken reliance upon the corporate name. Central to the Board's second and third points raised on appeal, then, is the need to ascertain what standard is to be applied to determine a violation of § 327.181. The statute affords no fixed standard, and no Missouri case has been found which adopts a test for determining what particular words indicate or imply that a person is willing or able to practice professional engineering. This issue, therefore, is addressed as one of first impression. Whether a particular corporate name raises a prohibited implication under the statute is a question of fact. The court then must determine whether an objective or subjective test applies.

To apply a subjective test is to consider the state of mind of some particular individual or individuals. It is necessary to decide whose state of mind is relevant and should be determinative in finding a violation of the statute. In this case there was evidence of the state of mind of the corporate officers through their claim that their name did not imply a holding out; the general public who had contact with the business, potential customers, and actual customers, through the ERE's evidence that during ERE's eleven year existence no one ever called their office requesting professional engineering services; and professional engineers practicing their profession in the same community such as George W. Montgomery and Larry L. Hendren who expressed the opinion that the use of the corporate name "Earth Resources Engineering, Inc." did imply a willing or ability to practice professional engineering.

In determining the probative value of the evidence, it becomes apparent that nearly all such testimony comes from witnesses with a possible bias or personal interest. Bias might be less likely in testimony from a person who had made a complaint to the Board of being mislead by a particular name or corporate title, but finding the state of mind of a complainant controlling would inject the requirement that there be an actual incident of mistaken reliance, in circumvention of the statutory language "imply" or "indicate". The inherent deficiency in the subjective test is that the statute does not provide, and there is no reasonable basis on which to determine, whose state of mind should control.

In comparison, an objective test to determine if a violation of § 327.191 has occurred would be a "reasonable person" test, i.e., whether a "reasonable person" would find that the use of the term "engineer" indicates or implies that one holds oneself out to be a professional engineer; or whether a reasonable person would find that the use of any other word or words, letters, figures, degrees, titles or other description indicates or implies that a person is a professional engineer or is willing or able to practice engineering. Such a determination should occur on a case-by-case basis, considering not only the language used, but also the circumstances of the person or business who utilizes the language. The implication of the language varies considerably depending on the type of business being described. Any evidence of actual incidents of misleading, or the lack thereof, and the state of mind of any witness would be relevant and admissible, but not dispositive.

This court adopts the objective standard

as the preferred test.[2] It is a more uniform test, thereby avoiding the problems of proof which accompany a subjective standard.

In applying the reasonable person test to the case at bar, it is necessary to consider all the circumstances surrounding ERE's business to determine if the use of the corporate name "Earth Resources Engineering, Inc." indicates or implies that the corporation is willing or able to practice engineering in violation of § 327.191 as a matter of law or, if not, if it creates a genuine issue of material fact to avoid summary judgment. These circumstances include the fact that ERE is engaged in real estate development, a business frequently requiring the services of a professional engineer. Another factor to be considered is whether the other words used in the corporate name, i.e., "earth resources", when used with the word "engineering" raise a prohibited implication. Further, in the course of its business, the nature of ERE's actual utilization of the services of professional engineers in conducting its business is significant.

Under Point II, the Board asserts the trial court erred in granting summary judgment for ERE, because the allegations of the petition and the evidence before the court prove as a matter of law a violation of the § 327.191 as alleged by the Board. Point III argues that if the evidence does not establish a violation of statute as a matter of law, the evidence shows a genuine issue of material fact.

■■■■ To avoid summary judgment, there must be a genuine issue of material fact left to be decided. *Cooper v. Yellow Freight System, Inc.*, 589 S.W.2d 643 (Mo.

App.1979). "It is substantive law, however that identifies which facts are material to a claim, and thereby determines which facts are critical and which facts are not relevant to the summary judgment inquiry." *American Family Mutual Insurance Co. v. Lacy*, 1991 WL 137332 (Mo.App.1991) [WD# 43112]. As the Supreme Court of Missouri noted in *St. Charles County v. Dardenne Realty Co.*, 771 S.W.2d 828, 830 (Mo. banc 1989), issues of material fact are not raised in an affidavit relying on "mere doubt and speculation." The threshold for inquiry is higher; whether there are genuine factual issues which can only be determined properly by a finder of fact because the resolution of these issues may be made in the favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

In reviewing Points II and III, it is impossible to determine the standard applied by the trial court in that the trial court did not state any grounds as the basis for its order of summary judgment. Applying the objective standard, this court finds the Board has not proven a statutory violation as a matter of law. Point Two is denied. With regard to Point III, this court finds that there is a genuine issue of material fact left to be decided under the aforementioned objective "reasonable person" test. Point III is sustained.

The summary judgment is reversed and remanded to the trial court for further proceedings on the Board's petition consistent with this opinion.

ULRICH, J., concurs.

BERREY, P.J., dissents in separate dissenting opinion.

---

**2.** The dissent argues that the "reasonable person" test will be generally applicable to motions for summary judgment, thus "defeating the entire focus of summary judgments." This is incorrect. To be awarded summary judgment under Rule 74.04, the movant must show there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. In this particular case, the court finds the "reasonable person" test is the appropriate standard applicable to determine the ultimate issue of fact, i.e., whether the use of the particular language in the corporate name

indicates or implies a person is holding himself out to be a professional engineer or willing to practice professional engineering, in violation of § 327.191. In, this substantive area of law, the test becomes necessary as a result of the use of the language "indicates" or "implies" in § 327.181. The court simply finds that based on the circumstances of this case, the opinion of reasonable persons could differ as to whether the language in the corporate name violates § 327.191. Therefore, a genuine issue of material fact exists.

BERREY, Presiding Judge, dissenting.

I respectfully must dissent. The majority would change the entire purpose of the summary judgment rule by grafting an objective test, a "reasonable person" test, defeating the entire focus of summary judgments, the majority protestations in footnote 2 of their opinion notwithstanding.

Rule 74.04(c) governs the procedure used for proceeding on a summary judgment. It states:

> **(c) Motion and Proceedings Thereon.** The motion shall state with particularity the grounds therefor and shall be served at least ten days before the time fixed for the hearing. Prior to the day of hearing the adverse party may serve opposing affidavits. The judgment sought shall be entered forthwith if the pleadings, deposits, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be entered on the issue of liability alone although there is a genuine issue as to the amount of damages.

In other words, the court below examines the filings and makes a judgment, as a matter of law, that no material fact remains for trial. The trial court is given the same record that we examine to see whether the correct result has been reached. The majority would give this court the power to second guess the trial judge which is certainly not a favored role for an appellate court. It is simply not our place to sit as a super trial court for the purposes of determining the appropriateness of a summary judgment.

Summary judgments have become, "a more common and less drastic remedy" no longer requiring the slightest doubt resting upon a scintilla of evidence but requiring a genuine issue of material fact. *Jennings v. City of Kansas City*, 812 S.W.2d 724, 729 (W.D.Mo.1991). Summary judgments make it possible to cut short the trial process in the interests of judicial economy in cases which do not merit the full trial procedure, to "save litigants time, money, and frustration." *Id.* The objective standard adopted by the majority guarantees that cases which do not merit trial will be tried.

Our function is review and to that end an examination of the trial courts' actions reveals nothing untoward or out of the ordinary to merit such an extravagant response by the majority, a shift of the focus of summary judgments. There is simply no basis in Missouri for such a test.

Earth Resources Engineering, Inc. is a Missouri corporation first incorporated in 1979 and reincorporated in 1983. Earth Resources Engineering's articles of incorporation, as amended, specifically set forth that it was formed for the purpose of "Land and real estate development and production ... [a]nd all other legal acts ... [n]ot including the work or practice of "Professional Engineers" as defined in RSMo 321.181, [sic] nor of surveyors or architects." There is no evidence that respondent ever conducted or explicitly offered to conduct "professional engineering" activities. In the eleven year existence of the company no one had ever called its offices requesting such services and where such services are necessary the company uses the services of others.

Appellant filed suit on December 23, 1988, seeking injunctive relief by prohibiting respondent from engaging in the unauthorized practice of engineering in violation of § 327.191, RSMo 1986. Appellant contended that the use of the word "engineering" implied a per se violation of § 327.191, RSMo 1986.

Respondent filed a motion to dismiss and motion for summary judgment. In this motion it alleged that it had never conducted or offered to conduct the activities prescribed by the statute nor had it implied by the word "engineer" that it conducted such activities. Respondent submitted affidavits suggesting the absence of the implication that the public was deceived by its name. Appellant offered two affidavits purporting to show that the respondent's corporate name implied to the public that professional engineering services were

available. The trial court sustained respondent's motion to dismiss and the motion for summary judgment.

Summary judgment is a drastic remedy and is inappropriate unless it is shown by unassailable proof that the prevailing party is entitled to judgment as a matter of law. *West v. Jacobs*, 790 S.W.2d 475, 479 (Mo. App.1990). The burden is on the party who moves for summary judgment to show that no genuine issue of material fact exists. *Id.* A genuine issue of material fact exists where there is the slightest doubt about that fact; that fact must be a *material* fact, however, to act as a bar to summary judgment. *McKim v. Sears Rodeo Ass'n, Inc.*, 789 S.W.2d 217 (Mo.App.1990). A material fact is a fact which has legal probative force as to the controlling issue. *Id.*

Appellant first contends that the use of the word "engineering" in respondent's corporate title is a per se violation of § 327.191, RSMo 1986. That section provides:

**327.191. Unauthorized practice prohibited, persons excepted.**—No person shall practice as a professional engineer in Missouri, as defined in section 327.181 unless and until there is issued to him a certificate of registration or a certificate of authority certifying that he has been duly registered as a professional engineer or authorized to practice engineering in Missouri, and unless such certificate has been renewed as hereinafter specified; provided, however, that nothing in this chapter shall apply to the following persons;

(1) Any person who is an employee of a person holding a currently valid certificate of registration as a professional engineer or who is an employee of a person holding a currently valid certificate of authority under this chapter, and who performs professional engineering work under the direction and continuing supervision of and is checked by one holding a currently valid certificate of registration as a professional engineer under this chapter;

(2) Any person who is a regular full time employee of a person, who performs professional engineering work for such employer if and only if all such work and service so performed is done solely in connection with a facility owned or wholly operated by the employer and occupied or maintained by the employees of the employee performing such work or services;

(3) Any person engaged in engineering who is a fulltime, regular employee of a person engaged in manufacturing operations and which engineering so performed by said person relates to the manufacture, sale or installation of the products of such person;

(4) Any holder of a currently valid certificate as a registered architect who performs only such engineering work as is incidental and necessary to the completion of architectural work lawfully being performed by such registered architect.

The definition of "practice as a professional engineer" is found in § 327.181, RSMo 1986. It reads:

**327.181. Practice as professional engineer defined.**—Any person practices in Missouri as a professional engineer who renders or offers to render or holds himself out as willing or able to render any service or creative work, the adequate performance of which requires engineering education, training, and experience in the application of special knowledge of the mathematical, physical, and engineering sciences to such services or creative work as consultation, investigation, evaluation, planning and designing of engineering works and systems, engineering teaching of advanced engineering surveys, and the inspection of construction for the purpose of assuring compliance with drawings and specifications, any of which embraces such service or work either public or private, in connection with any utilities, structures, buildings, machines, equipment, processes, work systems, or projects and including such architectural work as is incidental to the practice of engineering; or who uses the title "professional engineer" or "consulting engineer" or the word "engineer" alone or preceded by any word indicating or implying that such person is or holds

himself out to be a professional engineer, or who shall use any word or words, letters, figures, degrees, titles or other description indicating or implying that such person is a professional engineer or is willing or able to practice engineering.

Under this definition it is simply not true that respondent's corporate name violates the statute. The name "Earth Resources Engineering, Inc." does not indicate or imply that the company engages in "professional" engineering. It is unwise to limit the use of the word engineer as suggested by appellant where other suggested dictionary usages are as common as what is implied by the term in the instant case.

Webster's Third New International Dictionary establishes many definitions for the word "engineer." Among these definitions are: (1) "a person who designs, invents, or contrives;" (2) "a designer or builder of engines, esp. steam engines or heavy machinery" ' (3) "a person who is trained or skilled in the technicalities of some field (as sociology or insurance) not user considered to fall within the scope of engineering and who is using such training or skill in the solution of technical problems"; (4) "a person who runs or supervises engines ..."; and (5) "the driver of a locomotive." Webster's Third New International Dictionary 752 (1971). These are but a few of the definitions for the word.

Appellant relies upon statutes and cases from other state jurisdictions to support its position. The law it relies upon, however, differs from the Missouri statute. For example, the court in *Kilpatrick v. State Board of Registration for Professional Engineers*, 610 S.W.2d 867 (Tex.Civ.App. 1980), found that the use of the word "engineering" by a company constitutes a representation that the company is legally qualified to practice engineering. *See also State Board of Registration for Professional Engineering v. Wichita Engineering Co.*, 504 S.W.2d 606 (Tex.Civ.App.1973). The Texas statute examined in *Kilpatrick*, 52 Tex.Rev.Civ.Stat.Ann. art. 3271a § 18 (1968), contained language forbidding business entities to use "in any manner whatsoever any such words or terms as 'engineer'

[or], 'engineering'...." Significant differences in the other statutes that appellant cites with the Missouri statute render any analysis virtually meaningless. If the Missouri legislature had chosen to prohibit the use of the word "engineer" it could have done so. We should not usurp the legislative function by reading the statute this way.

Other jurisdictions agree with this view. The court in *North Carolina State Board of Registration for Professional Engineers and Land Surveyors v. International Business Machines Corp.*, 31 N.C.App. 599, 230 S.E.2d 552 (1976) examined a claim that the words "customer engineer" violated a prohibition against implying that one was a professional engineer. The court found a difference between the use of the word "engineer" and the term "professional engineer" stating:

> A "professional engineer" is defined by G.S. 89C-3(8) as "a person who has been duly registered and licensed as a professional engineer by the Board." It is clear from this definition that the use of the word "engineer" without being modified by "professional", "registered", or "licensed", or some word of like import does not represent that one is "duly registered and licensed by the Board" and therefore cannot represent that one is a professional engineer as that term is defined in G.S. 89C-3(8). Since such usage does not represent professional engineering status, it cannot constitute the practice of engineering as that term is defined in G.S. 89C-3(6)a.

*Id.* 230 S.E.2d at 555. Attempts by the Board to distinguish usage were to little avail. The court, "could not conceive that in its weakest moments our Legislature would pass a bill granting such extensive control over the English language to a board of engineers." *Id.* 230 S.E.2d at 557. A "professional engineer" and an "engineer" are two completely different things. The use of the word "engineering" in respondent's title is not a per se violation of the statute.

Appellant, also attempts to argue that the use of the word "engineering" in re-

spondent's corporate name implies or holds out to the public that the company performs professional engineering services. During the eleven year existence of the company no one had ever called its offices requesting professional engineering services. The absence of such requests suggests that respondent's name in no way implied such services were available. The Supreme Court of Iowa considered where the defendant had used the name "Electronic Engineering Company" for seventeen years without a single request for professional services. *Iowa State Board of Engineering Examiners v. Electronic Engineering Company*, 261 Iowa 456, 154 N.W.2d 737 (1967). The court found that the lack of any request for the prohibited services persuasive, stating, "It is the public, not the plaintiff, which the law seeks to protect. The evidence makes it clear what plaintiff argues here has occurred to no one except plaintiff." *Id.* at 740. In the instant case it is appellant who seems to be threatened by the use of "engineering" in respondent's title. Further, the record reflects that there is apparently some animosity between the parties.

Both sides submitted affidavits on whether or not respondent's name suggested that professional services were to be had. Naturally respondent's affidavits suggest that the public was not deceived and the appellant's affidavits concluded that the name implied that professional engineering services were offered. The proper function of an affidavit is to state facts, not conclusions. *Bakewell v. Missouri State Employees' Retirement System*, 668 S.W.2d 224 (Mo.App.1984). Two professional engineers submitted affidavits for appellant's position. They tendered their opinions that the name implied professional engineering was done by respondent. This is not a fact, it is a legal conclusion beyond the scope and purpose of an affidavit.

Finally, appellant contends that genuine issues of material fact existed so as to preclude dismissal or summary judgment. Rule 74.04(c). As has already been discussed, the use of the word engineering in respondent's corporate title does not, as a matter of law, violate § 327.191, RSMo

1986, either per se or by implication. The judgment should be affirmed.